John C. BLEAVINS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 90–3178.

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 16, 1992.

John C. Bleavins, Decatur, IL, for plaintiff.

James A. Lewis, Asst. U.S. Atty., Springfield, IL, David C. Hickman, Trial Atty., Tax Div., Washington, DC, for defendant.

OPINION

RICHARD MILLS, District Judge:

The Government went after Bleavins to collect taxes.

This lawsuit is a direct result of that lawful effort.

The Government is entitled to summary judgment in its favor.

## I. *Facts*

In his complaint, Plaintiff claims that the United States Internal Revenue Service (IRS) willfully violated the Internal Revenue Code, 26 U.S.C. § 6103, by disclosing tax return information through the filing of a federal tax lien and the issuance of various notices of levy. Therefore, Bleavins argues, he is eligible to receive damages for unlawful disclosure under 26 U.S.C. § 7431. (He also asserts that the IRS did not act in good faith because it was aware, through letters from Plaintiff, that the tax laws did not apply to him.)

## II. *Summary Judgment*

Under Fed.R.Civ.P. 56(c), summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Nevertheless, the rule is also well established that the mere existence of some factual dispute will not frustrate an otherwise proper summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed." *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed.

867 (1872)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Applying this standard, the Court now turns to the case at bar.

## III. *Analysis*

■ *First*, we will consider the IRS' motion for summary judgment. Before damages are available under § 7431, a violation of § 6103 must be shown. The IRS maintains that it followed federal law when filing a lien against Plaintiff's property and the levy against Plaintiff's income. The IRS notes § 6103(k)(6) which states:

An Internal Revenue officer or employee may, in connection with his official duties relating to any audit, *collection activity,* or civil or criminal tax investigation ... disclose return information to the extent that such disclosure is necessary in obtaining information ... or with respect to the enforcement of any other provision of this title.

(Emphasis added). In other words, the IRS may disclose information when attempting to collect taxes. This is precisely what the IRS did. *Maisano v. United States*, 908 F.2d 408, 410 (9th Cir.1990).

When filing a levy under § 6331, the IRS is required to provide the taxpayer with a demand for payment and notification ten days prior to the levy. IRS Officer Alexander gave the notification by registered mail in compliance with § 6331(d). According to Officer Alexander, Bleavins refused to pay the taxes that the IRS determined he owed, he further refused to provide any documentation to support his claim that he was not required to file income tax returns, and he stated that his financial information was none of the IRS officer's business.

■ Assuming Bleavins believes this, he is mistaken. Not only does the IRS have the right to such information, it is Bleavins' responsibility to provide the information, if he wishes to clear up what he claims is IRS error. Otherwise, he is in no position to complain of that error. A certified copy of a Certificate of Assessments and Payments is presumptively accurate and Plaintiff has the burden of discrediting

it. *Gold Emporium v. Commissioner of Internal Revenue*, 910 F.2d 1374, 1378 (7th Cir.1990); *Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir.1987); *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir.1980); *Psaty v. United States*, 442 F.2d 1154, 1159–60 (3d Cir.1971). Regardless, § 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103.

The IRS also asserts an affirmative defense that it acted in good faith by following departmental regulations. Similarly, however, it is unnecessary to ask the good faith question under § 7431, because this Court has determined that there was no violation of § 6103. *Maisano* at 410 n. 1.

■ *Second*, we turn to Plaintiff's motion to strike. Plaintiff states that the Certificates of Assessments and Payments are not valid, prove nothing, and should not be stricken because they are not authenticated by the custodian of individual tax files located in West Virginia. Plaintiff refers to *United States v. Buford*, 889 F.2d 1406 (5th Cir.1989), which is clearly distinguishable because, as a criminal case, the government has the burden of proof. More importantly, Plaintiff incorrectly asserts that a certificate must be a non-computer generated tax file original in order to be proof of a tax debt. *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *United States v. Dixon*, 672 F.Supp. 503, 505 (M.D.Ala. 1987), *aff'd per curiam*, 849 F.2d 1478 (11th Cir.1988).

■ Plaintiff also claims error is evidenced by the certificates showing his current address and not his address from when the tax burden accrued. In doing so, Plaintiff ignored the fact that the certificates were printed and signed by a manager of certification at the time they were sent in January 1991, when Plaintiff did live at his current address.

■ *Third*, Plaintiff says the IRS cannot use an unsworn affidavit to support its claim that the Plaintiff owes taxes. On the contrary, 28 U.S.C. § 1746 states that an unsworn declaration is admissible with the full force and effect of a sworn affidavit if it is signed under the penalty of perjury. Officer Alexander's perjury statement in his declaration uses the exact wording suggested by the statute.

■ Plaintiff also maintains that Officer Alexander can attest only to what he saw on a computer screen, and "[w]hat a computer says is blatant hearsay!" While, no doubt there are times when computer operators might share Plaintiff's distaste for the machines, in the eyes of the law, official computer generated records of tax information are accepted as completely valid representations of tax liability. Fed. R.Evid. 803(8); *see Chila*, 871 F.2d at 1017–18; *Dixon*, 672 F.Supp. at 505; *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992); *United States v. Farris*, 517 F.2d 226, 227–29 (7th Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 189, 46 L.Ed.2d 123 (1975).

*Finally*, we briefly address Plaintiff's motion for summary judgment. The arguments he raises are refuted in our discussion of the other two motions. But, in essence, Plaintiff claims that the IRS' evidence is hearsay which provides no factual or affirmative defenses to Plaintiff's complaint. Again, this Court need not reach any conclusion regarding affirmative defenses, because the IRS has provided ample evidence to show full compliance with § 6103(k)(6), and Plaintiff has provided absolutely nothing with which to sustain his complaint.

### IV. *Conclusion*

*Ergo*, for the reasons noted above, Defendant's motion for summary judgment is ALLOWED.

Plaintiff's motion to strike is DENIED.

Plaintiff's motion for summary judgment is DENIED.

This case is DISMISSED WITH PREJUDICE.

Case CLOSED.