**UNITED STATES of America, Plaintiff,**

v.

**Marlon WILLIAMS, Defendant.**

**No. 96 Civ. 0124(WCC).**

United States District Court,
S.D. New York.

April 9, 1997.

---

Mary Jo White, U.S. Attorney for the Southern District of New York, New York City (Daniel S. Alter, Asst. U.S. Atty., of counsel), for Plaintiff.

Marlon Williams, Chestnut Ridge, NY, pro se.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

This action was brought by plaintiff, the United States of America ("the Government") to enforce two tax levies against *pro se* Defendant Marlon Williams ("Williams"). We have jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

### BACKGROUND

This action has its genesis in a consolidated tax return for the year 1991 filed in October 1992 by Yelram Productions, Inc. ("Yelram") and three of its subsidiary corporations, Marley Marl Productions, Inc. ("MMP"), Marley Marl Music, Inc., and Mar-

ley Marl Management, Inc. The consolidated return reported Yelram's 1991 consolidated federal income tax liability, without penalties, to be $43,659. Williams signed the consolidated return as Yelram's President; the return identifies Williams as Yelram's sole shareholder. The return was not accompanied by any payment of the taxes reported as due. On November 23, 1992 the IRS assessed Yelram for the unpaid taxes, together with interest and penalties. Yelram did not satisfy this liability and on November 15, 1993, the IRS filed a Notice of Federal Tax Lien against Yelram.

In connection with administrative collection proceedings regarding Yelram's 1991 tax liability, two IRS Form 433–B Collection Information Statements, one for Yelram and one for MMP were submitted on October 25, 1994. Both listed Williams as the "person being interviewed" and were signed by him "under penalties of perjury." (See July 30, 1996 Declaration of Daniel S. Alter, Exhs. E and F.) Yelram's form lists as its sole asset a note payable by Williams to Yelram in the amount of $15,568; MMP's form lists under Accounts/Notes Receivable a note payable by Williams in the amount of $280,408. *Id.* at Exh. E. However, the $280,408 is not reflected on the next page of the form, "Asset and Liability Analysis," which represents, in line 18, that the amount of "Equity in Asset" for Accounts/Notes receivable is zero. *Id.*[1]

On February 3, 1995, the IRS served Williams with two Notices of Levy, one for Yelram and one for MMP, each in the amount of $60,094.59 (the "Levies"). The Levies advised Williams that the IRS had made demand upon Yelram to satisfy its outstanding federal tax obligations, and that Yelram had failed to comply. The Levies directed Williams to turn over to the IRS all "property and rights to property (such as money, credits, and bank deposits)" that Williams has or "is obligated to pay" either Yelram or MMP. *Id.* at Exh. G. When Williams failed to comply with the Levies, the IRS issued two Final Demand Notices on March 30, 1995. Williams still did not reply and on January 10, 1996, the Government

---

**1.** This is in contrast to the Form 433–B Williams filled out regarding Yelram, which lists the $15,-

568 as an "Account Receivable" in both locations.

instituted this action to enforce the Levies. On July 31, 1996 the Government moved for summary judgment.

## DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(d). A fact is material only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the nonmoving party. *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Az. v. Cities Serv. Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). "When a party is proceeding *pro se,* as in the instant action, this Court has an obligation to 'read his supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest.'" *Hernandez v. Strack,* No. 96 Civ. 417, 1997 WL 137439 (S.D.N.Y. March 25, 1997) (unpublished disposition) (citations omitted). A "pro se par-

ty's 'bald assertion,' however, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Id.,* (citing *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991)); *Lee v. Coughlin,* 902 F.Supp. 424, 429 (S.D.N.Y.1995).

▪ Although Williams has not contested this point, it is clear that the IRS was authorized to levy upon any debts that Williams owed to Yelram and MMP. The Second Circuit has held that the "indebtedness of a third party to a taxpayer" is property that is subject to an IRS levy. *United States v. Long Island Drug Co.,* 115 F.2d 983, 985–86 (2d Cir.1940) (predecessor statute providing for levies against, *inter alia,* "evidences of debt"); *Frasier v. Hegeman,* 607 F.Supp. 318, 323 (N.D.N.Y.1985); Treas. Reg. § 301.6331–1 (as amended in 1994) ("Levy may be made by serving a notice of levy on any person in possession of or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, *evidences of debt* ....") (emphasis added). Moreover, treasury regulations provide that "the common parent corporation and each subsidiary which was a member of the group during any part of the consolidated return year shall be severally liable for the tax for such year." 26 C.F.R. § 1.1502–6(a). Thus, it was proper for the IRS to levy against any money Williams owed Yelram or any of its subsidiaries in order to satisfy Yelram's consolidated tax obligations.

▪ Once a person is served with a notice of levy, there are only two defenses available to a "failure to comply with the demand." *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 721–22, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985) (citations omitted). First, that the person is "neither 'in possession of' nor 'obligated with respect to' property or rights to property belonging to the delinquent taxpayer." *Id.* Second, that the taxpayer's property is "subject to a prior judicial attachment or execution." *Id.* Where neither defense is available, a party must honor an IRS Notice of Levy or be liable for "the amount not surrendered, plus costs and interest." *Schiff v. Simon & Schuster, Inc.,* 780 F.2d 210, 212 (2d Cir.1985) (citing 26 U.S.C. § 6332(c)(1)). Williams has attempt-

ed to raise the first defense, by denying that he currently has outstanding loan obligations to Yelram in the amount of $15,568 and to MMP in the amount of $280,408. (Def. Memorandum in Opposition to Pl. Motion for Summary Jdgmt, p. 1.)

■ The only support Williams offers for this position is his sworn affidavit stating that he is not currently indebted to Yelram or MMP, that "no tax returns subsequent to the 1991 returns of Yelram Productions, Inc .... make any reference to any outstanding loan obligations to either Yelram Productions Inc. or Marly Marl Productions ..." and that both of the 1994 433–B forms relied upon by the Government "were prepared and presented to me by an accountant without any explanation as to their contents, and I signed the same without any understanding of their contents. These documents were not signed before any notary or other public official, nor was I ever sworn under oath to the veracity of the contents of these forms." (Williams Aff. ¶ 3.)

We agree with the Government that this evidence is insufficient as a matter of law. As regards the $15,568 loan to Yelram, it is difficult to determine from Yelram's 1991 consolidated tax forms precisely what monies Williams owed Yelram and its subsidiaries as of the end of 1991. We note that the consolidated balance sheet shows a net loan "to stockholders" (and Williams was the sole stockholder of Yelram and all of its subsidiaries) of $99,661. (See Exh A., Form 1120, Schedule L.) Relying upon Williams' statements to the IRS in 1994, these loan amounts apparently subsequently changed. Regard-

less, Williams in 1994 declared under the penalty of perjury that Yelram's sole asset was a $15,568 loan to himself[2]. (See July 30, 1996 Declaration of Daniel S. Alter, Exh. E.) Similarly, he declared under the penalty that one of MMP's seven assets was a $280,408 loan to himself. Id. at Exh. F. Although he failed, apparently inadvertently, to include this amount on the next page under "Accounts/Notes Receivable," he cannot escape the compelling effect of his explicit declaration that he owed the precise amount of $280,408.

■ These declarations are binding upon Williams. We are entitled to give an unsworn statement signed under the penalty of perjury the same weight as an affidavit. *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Intern.*, 982 F.2d 686, 690 (1st Cir.1993), (citing 28 U.S.C. § 1746[3]); *Bleavins v. U.S.*, 807 F.Supp. 487, 489 (C.D.Ill.), *aff'd*, 998 F.2d 1016 (7th Cir.1993). Williams cannot now contradict this statement with a later affidavit. "The rule is well settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony." *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir.1991); *see also Reisner v. General Motors Corp.*, 671 F.2d 91, 93 (2d Cir.), (disregarding plaintiff's factual claims after defendant moved for summary judgment, "where those claims contradict[ed] statements made previously by plaintiff at his deposition, in his affidavits, and in response to defendant's interrogatories"), *cert. denied,*

2. Although not identical in amount, statement 18 from the 1991 Tax Form 1120, (entitled "___ng Productions, Inc. & Subsidiaries Consolidated Balance Sheet"), reflects a $15,084 loan by Yelram "to stockholders." (See Alter Aff. Exh A, 1991 Consolidated Tax Form 1120.)

3. Section 1746 provides in relevant part:

Wherever, under any law of the United States, or under any rule, regulation, order or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or

an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) ...
(2) If executed within the United States, its territories, possessions or commonwealths: "I declare (or certify, verify, or state), under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature).
28 U.S.C. § 1746 (1997).

459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982); *cf. United States v. Wynshaw,* 697 F.2d 85, 87 (2d Cir.) (taxpayer estopped from claiming signature on return was not hers when she represented at a later date that it was, thus causing the IRS to rely to their detriment on her representation), *cert. denied,* 464 U.S. 822, 104 S.Ct. 87, 78 L.Ed.2d 96 (1983).

 Nor can he avoid his sworn 1994 statement merely by claiming in his affidavit that an accountant prepared the forms and he did not understand them. "An account is merely the agent of the taxpayer," *Springfield Prod., Inc. v. C.I.R.,* T.C. Memo 1979–023, 1979 WL 3121, 38 T.C.M. (CCH) 74, T.C.M. (P–H) 79,023 (U.S.Tax Ct., Jan. 16, 1979) (No. 6412–69, 7252–72) (citations omitted), and it is "a common agency principle that the principal ... is responsible for the action of his agent (accountant)." *Id.* In addition, the law assumes that a taxpayer will read his return before signing it. *Cf. In re Meier,* 1993 WL 406055, 72 A.F.T.R.2d 93–5598, 93–2 USTC ¶ 50,482 (E.D.Va., July 26, 1993) (No. 2:93 Civ. 583), (*citing Erdahl v. C.I.R.,* 930 F.2d 585, 589 (8th Cir.1991) (discussing the "innocent spouse" exception)). The 433–B Form Williams signed in 1994 regarding Yelram was neither long nor complex—it consisted of a mere four pages in which the sole asset, the $15,568 loan, was listed twice. One of these instances listed the $15,568 as a "Account/Note Receivable" and denominated it "Marlon Williams". (*See* July 30, 1996 Declaration of Daniel S. Alter, Exh. E.) The Yelram Form 433–B only contained one other number. *Id.* Similarly, the MMP Form 433–B consisted of four pages and a mere seven listed assets, one a $280,-408 denominated "Marlon Williams." *Id.* at Exh. F. Williams cannot now claim that he did not understand this form.

Lastly, although he states that subsequent tax records do not reflect any outstanding loan obligations to him, he has not provided those records. Moreover, absent evidence regarding the satisfaction of the loan that he stated under the penalty of perjury existed in 1994, such a mere offering of later self-serving tax forms would be insufficient evidence

to defeat the Government's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we grant the Government's motion for summary judgment. We find that Williams is subject to the Notices of Levy dated February 3, 1995 and order him to pay the United States the amount he owed Yelram ($15,568) and MMP ($280,408), together with costs and interest as set forth in 26 U.S.C. § 6332, not to exceed the amount Yelram and MMP currently owe the IRS.

SO ORDERED.