**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**JUN 12 1997**

**PATRICK FISHER**
**Clerk**

RAYMOND N. SPENCE,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 96-2196
(D.C. No. CIV-95-811-M)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

This appeal arises from plaintiff's suit against defendant brought pursuant to 26 U.S.C. § 7431.[1]  Plaintiff sought damages for disclosure of tax return information in violation of 26 U.S.C. § 6103(a).  The district court granted summary judgment in favor of defendant, finding no violation of § 6103.[2]  The district court also denied plaintiff's motion to strike the declaration of Revenue Officer David Rehbein.  Plaintiff appeals, and we affirm.

David Rehbein was assigned by the Internal Revenue Service to collect plaintiff's unpaid federal tax liabilities.  Through his investigation, Mr. Rehbein determined that plaintiff transferred real properties to purported religious entities and family members.  Plaintiff denied having any interest in the transferred properties, although he continued to pay utility bills on them.  To determine the nature of plaintiff's interest, if any, Mr. Rehbein concluded it was necessary to obtain records from tenants of the properties.  Mr. Rehbein issued summons to the tenants requesting their records of rental payments, including canceled checks, and other information pertinent to whether plaintiff retained an interest in the

---

[1]    28 U.S.C. § 7431 provides for a civil cause of action and damages when any officer or employee of the United States knowingly or negligently discloses tax return information in violation of § 6103.  It also makes an exception to liability for a disclosure resulting from a good faith but erroneous interpretation of § 6103.

[2]    Because it found no violation of § 6103, the district court did not reach the issue of whether the disclosure was the result of a good faith but erroneous interpretation of § 6103.  Because of our holding in this case, we need not reach this issue either.

properties. The summons identified plaintiff by name, stated his address, and listed the calendar years for which information was sought, so that the summoned tenants could identify the records requested.

On appeal, plaintiff argues that disclosure of the return information contained in the summons violated § 6103. Specifically, he maintains that the information sought was reasonably available other than through means of summons to third parties and that, because the summons themselves were not authorized under the Revenue Code, disclosing return information in connection with their issuance violated § 6103. Plaintiff also argues the district court erred on the admissibility of Mr. Rehbein's declaration attached to defendant's motion for summary judgment.

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to plaintiff. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). We apply the same standard as did the district court, and we will affirm summary judgment if defendant is entitled to a judgment as a matter of law and there is no genuine issue as to any material fact. See id. We review the district court's denial of plaintiff's motion to strike Mr. Rehbein's declaration, an evidentiary ruling, for an abuse of discretion. See Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995).

26 U.S.C. § 6103(a) prohibits disclosure by officers or employees of the United States of tax return information obtained in connection with that person's service as an officer or employee. The section provides for an exception to the general rule prohibiting disclosure, however, which is relevant here.

> An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

For defendant to be sheltered by the "safe harbor" of § 6103(k)(6), three requirements must be met: (1) the information sought must be "with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [the Internal Revenue Code];" (2) the information cannot be "otherwise reasonably available;" and (3) disclosure of return information must be necessary to obtain the information sought. 26 U.S.C. § 6103(k)(6); see DiAndre v. United States, 968 F.2d 1049, 1052 (10th Cir. 1992). The parties agree that the summons disclosed return information as contemplated by § 6103(b)(2), and plaintiff does not argue that disclosing his name and the years for which the inquiry was made was

-4-

unnecessary to obtain the information sought. Plaintiff does argue the information sought by the summons was otherwise reasonably available. He maintains, if in fact he retained an interest in the transferred properties, his own records would contain that information. Plaintiff's contention ignores the fact that previously he had advised Mr. Rehbein he had no ownership interest in the properties. In addition, the summons sought rental information from tenants, such as canceled checks, that only the tenants would possess. Even if the summons requested other information that might have been available from other sources, § 6103 "does not prohibit requesting additional information beyond that not otherwise reasonably available if the additional request requires no further disclosure." Id. at 1053. We agree with the district court that the information sought by the summons was not otherwise reasonably available.

Plaintiff also argues that summary judgment was improper because a material issue of fact remains about the underlying validity of the summons. He maintains he had no unpaid tax liability and, therefore, the summons were unauthorized. Although he never states the proposition directly, his argument seems to be that the underlying means of disclosure, through summons, notice of levy, and circular letter, must be valid before the safe harbor of § 6103(k)(6) can apply. This position goes against the plain wording of the statute and case law.

We held in DiAndre that

section [6103(k)(6)] does not require the IRS to justify the appropriateness or need for the information sought so long as such information relates to the determination of tax liability and is not otherwise reasonably available. In other words, section 6103 does not provide a vehicle to test the probable cause or any other level of justification to investigate. See Barrett v. United States, 795 F.2d 446, 451 (5th Cir. 1986) ("in a section 7431 action, the court does not inquire whether the information sought is necessary"); cf. United States v. Powell, 379 U.S. 48, 57, 85 S. Ct. 248, 254, 13 L. Ed.2d 112 (1964) (IRS does not require probable cause to issue summons); United States v. MacKay, 608 F.2d 830, 832 (10th Cir. 1979) (same). . . .

. . . Whatever other limits there may be on the scope of an IRS investigation, cf., e.g., United States v. LaSalle Nat'l Bank, 437 U.S. 298, 313, 98 S.Ct. 2357, 2366, 57 L. Ed.2d 221 (1978) ("the IRS must use its summons authority in good faith"); Powell, 379 U.S. at 58, 85 S.Ct. at 255 (court may refuse to enforce summons if issued for an improper purpose such as to harass or to apply pressure in a collateral matter); United Stats v. Malnik, 489 F.2d 682, 686 n.4 (5th Cir.) ("enforcement of an unclear and overly broad summons would violate the Fourth Amendment's proscription of unreasonable searches and seizures"), cert. denied, 419 U.S. 826, 95 S.Ct. 44, 42 L. Ed.2d 50 (1974), it is not section 6103 that imposes those limits.

968 F.2d at 1053-54.[3]

In addition, several other circuits have specifically held the validity of the means by which the information is sought is irrelevant to whether the disclosure of return information runs afoul of § 6103. See Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("the validity of the underlying collection activity is

---

[3]    We are unimpressed by plaintiff's attempt to distinguish DiAndre and his position that it is inapplicable to this case.

irrelevant in determining whether a disclosure is wrongful"); <u>Venen v. United States</u>, 38 F.3d 100, 106 (3d Cir. 1994) ("Thus, the propriety of the underlying collection action, in this instance the validity of the levy, is irrelevant to whether disclosure is authorized under section 6103 and the basis for liability under section 7431."); <u>Huff v. United States</u>, 10 F.3d 1440, 1447 (9th Cir. 1993) (holding that defects in collection procedures underlying levy notices do not subject the IRS to liability for disclosure of return information despite provisions of § 6103(k)(6)); <u>but</u> <u>see</u> <u>Rorex v. Traynor</u>, 771 F.2d 383, 386 (8th Cir. 1985) ("disclosure in pursuance of an unlawful levy violates the confidentiality requirements of section 6103(a) and is not authorized under section 6103(k)(6)" (footnote omitted)).

Further, the plain language of the statute evinces that the validity of the vehicle by which information is sought is irrelevant. <u>See</u> <u>DiAndre</u>, 968 F.2d at 1053 ("The plain language of section 6103 does not limit in any way what information the IRS may seek in the course of an investigation. Section 6103 merely imposes certain restrictions on the IRS's ability to make disclosures in seeking that information."); <u>Venen</u>, 38 F.3d at 106 ("The plain language of section 6103 also mandates the conclusion that the lawfulness of the levy is irrelevant to whether disclosure is authorized."); <u>Wilkerson</u>, 67 F.3d at 116 ("The plain language of the Internal Revenue Code supports the government's

contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."). The relevant Treasury Regulation also supports the proposition:

> In connection with the performance of official duties relating to any examination, collection activity, civil or criminal investigation, enforcement activity, or other offense under the internal revenue laws, an officer or employee of the Service . . . is authorized to disclose return information . . . in order to obtain necessary information . . . .
>
> . . . .
>
>> (6) To establish or verify the financial status or condition and location of the taxpayer against whom collection activity is or may be directed, to locate assets in which the taxpayer has an interest, to ascertain the amount of any [tax] liability . . . to be collected.

26 C.F.R. § 301.6103(k)(6)-1(b)(6). Neither the plain language of the statute or the Treasury Regulation authorize this court to look behind the summons to determine whether they were properly issued; §§ 7431 and 6103 address improper disclosure, not improper summons.

Finally, we hold that the information sought by means of the summons was not otherwise reasonably available and that the validity of the summons, as the means by which the return information was disclosed, is irrelevant to a determination of whether the disclosure of the return information violated § 6103. Because the disclosure of return information in this case fell within the "safe

harbor" exception of § 6103(k)(6), no cause of action arises under § 7431. Further, we find no abuse of discretion in the district court's denial of plaintiff's motion to strike Mr. Rehbein's declaration. Accordingly, we AFFIRM the judgment of the United States District Court for the District of New Mexico.

Entered for the Court


John C. Porfilio
Circuit Judge