**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

A. DALE LESTER and
PATRICIA A. LESTER,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,
DELLA R. CHAVEZ and MICHELLE
ALVARADO,

Defendants-Appellees.

No. 99-2170
(D.C. No. CIV-98-1212-JP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In December 1996, plaintiffs A. Dale and Patricia Lester filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of New Mexico. The Internal Revenue Service (IRS) filed a proof of claim in the bankruptcy proceeding in the amount of $75,415 representing federal tax assessments for the years 1991 through 1995, allegedly secured by a pre-petition notice of federal tax lien. Plaintiffs brought an adversary proceeding against the IRS, contesting its claim on the grounds that the IRS failed to send the proper notices of assessment to plaintiffs at their last known address and failed to file its lien in a county where plaintiffs owned property.

On July 8, 1998, the bankruptcy court agreed, finding that the claim of the IRS was unsecured because it did not provide plaintiffs with proper notice at their last known address, and, moreover, the IRS filed its lien in a county where plaintiffs owned no property. The court further found that, although due to its failure to give proper notice the IRS was prohibited from collecting the tax through any non-judicial procedure, it was allowed to file a proof of claim in the judicial bankruptcy proceeding. Consequently, the court allowed the IRS claim as a priority, but unsecured, claim.

At a hearing on July 21, 1998, plaintiffs requested that their bankruptcy case be dismissed. The bankruptcy court directed the trustee to prepare an order of dismissal which the court entered on July 30, 1998. On July 24, 1998, after

plaintiffs moved for dismissal, but before the court entered its order dismissing the case, the IRS recorded a notice of lien in the correct county and mailed proper notices of assessment and intent to levy to plaintiffs.

On May 24, 1999, plaintiffs filed this action for actual and punitive damages in federal district court in New Mexico, claiming that (1) in filing a lien and mailing notice of intent to levy, the IRS was in contempt of the bankruptcy court's order prohibiting the IRS from collecting the taxes through non-judicial means, (2) the IRS willfully violated the automatic stay prohibiting collection activities during the pendency of a bankruptcy case, and (3) the IRS illegally disclosed tax return information in violation of 11 U.S.C. § 6103.

The district court dismissed plaintiffs' contempt and stay violation claims without prejudice and granted the IRS summary judgment on plaintiffs' request for damages for illegal tax information disclosure. Plaintiffs appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

First, plaintiffs assert that the district court erred in dismissing their claims for contempt of a bankruptcy court order and violation of a bankruptcy stay in effect pursuant to 11 U.S.C. § 362. Contrary to the government's contention in its brief, in dismissing plaintiffs' claims, the district court did not conclude that

it lacked jurisdiction, [1] *see* R. Vol. I, tab 25 at 2-3, but based its dismissal decision on the premise that these matters would be "best disposed of by the [bankruptcy] court issuing the order and the stay." *Id.* at 3. An administrative order entered March 19, 1992, by the federal district court in New Mexico states that "'all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law,'" [2] *id.* (quoting Admin. Order, March 19, 1992, United States Dist. Ct. for the Dist. of N.M.). Considering this order, the district court concluded that plaintiffs' claims regarding contempt of a bankruptcy court order and violation of the automatic stay were claims arising under Title 11 or related to a case brought under Title 11 and would be better heard by the bankruptcy court. The court then dismissed the claims with leave to refile in the bankruptcy court.

---

[1] Although the government vigorously argues that the district court did not have jurisdiction in this matter, it failed to cite this court to any authority in support of its contention. In fact, in one case cited by the government, the court stated that "the district court's and bankruptcy court's subject matter jurisdiction is coextensive with respect to core proceedings." *See Heinsohn v. Hendon (In re Heinsohn)*, 231 B.R. 48, 56 (Bankr. E.D. Tenn. 1999).

[2] This blanket referral is one that is common to most district courts. It is made pursuant to 28 U.S.C. § 157(a), providing that the district court may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the district's bankruptcy judges. While it is clear that this referral confers jurisdiction over certain bankruptcy matters on the bankruptcy court, a unit of the district court, we find no authority which states that this referral divests the district court of jurisdiction.

Plaintiffs concede that the district court had jurisdiction. They argue that, because they voluntarily dismissed their bankruptcy proceeding, it cannot be reopened and therefore, pursuant to the district court's administrative order and 28 U.S.C. § 1334, the court should have "referred" these claims to the bankruptcy court instead of granting dismissal. Because plaintiffs did not move the bankruptcy court to reopen, the question as raised is conjecture and not properly before us at this time.

We find no error in the district court's decision finding the bankruptcy court to be the more appropriate venue for plaintiffs' claims. Therefore, dismissal of plaintiff's contempt and violation of stay claims with leave to seek relief in the bankruptcy court was not an abuse of the district court's discretion.

II.

Next, plaintiffs assert that the district court erred in granting defendant summary judgment on their claim that the IRS violated 26 U.S.C. § 6103(a) by disclosing tax return information when it filed its tax lien and notice of levy. "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S. Ct. 53 (1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a grant of summary judgment, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326.

Plaintiffs specify the following two errors in the court's reasoning: (1) that § 6103 only allows disclosure of tax return information in order to obtain information for the purpose of the issuance of a lien or levy, and not in the issuance itself; and (2) because the levy notice issued by defendant on plaintiffs' property was unauthorized, the disclosure of return information was also unauthorized. We address each claim of error in turn.

26 U.S.C. § 6103(a) provides that a taxpayer's returns and return information shall remain confidential unless disclosure is authorized by the statute. [3] Plaintiffs claim damages under 26 U.S.C. § 7431(a)(1), which authorizes

---

[3] The term "return information" is defined under § 6103(b)(2)(A) to mean:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible

(continued...)

a civil action for damages against the United States for the unauthorized disclosure of a taxpayer's return information in violation of § 6103. Section 6103(k)(6) authorizes return information disclosure "to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title." The disclosures authorized by this statute are to be made only pursuant to the implementing regulations. *See id.*

Treasury Regulation, 26 C.F.R. § 301.6103(k)(6)-1, promulgated by the Secretary under the express grant of authority from § 6103(k)(6), presents several exceptions to the general rule of non-disclosure. It provides that

> an officer or employee of the Internal Revenue Service . . . is authorized to disclose taxpayer identify information (as defined in section 6103(b)(6)), . . . in order to obtain necessary information relating to performance of such official duties **or where necessary in order to properly accomplish any activity described in subparagraph (6) of paragraph (b) of this section** .

(emphasis added). Section 301.6103(k)(6)-1(b)(6) allows disclosure in order to apply the provisions of the Code relating to establishment of liens or levies on, or to assist in the seizure or sale of, any assets qualified to satisfy tax liability.

---

[3](...continued)
> existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

In granting defendant's motion for summary judgment on this issue, the district court relied on this court's decision in *Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1992), in which we held that "[i]t is undisputed that § 6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens and levies. Thus, the general rule is that liens and levies do not constitute unauthorized disclosures under § 6103." Therefore, contrary to plaintiffs' argument, by statute and applicable regulation, the IRS is permitted to disclose tax return information to the extent necessary to locate assets in which a taxpayer has an interest, to effect a lien or levy, or to seize or sell assets to collect taxes due. *See* 26 U.S.C. §§ 6321 and 6331; Treas. Reg. § 301.6103(k)(6)-1(b)(6).

Next, plaintiffs allege that because defendant's tax lien and notice of levy were unauthorized, disclosure of return information pursuant to § 6103(k)(6) was also unauthorized. Plaintiffs base this contention on their allegation that defendant was in contempt of a bankruptcy court order and in violation of an automatic stay when it issued lien and levy notices on plaintiffs' property. In rejecting this argument, the district court concluded that the form of the disclosure was irrelevant to the validity of the disclosure.

Courts are split on whether the validity of the underlying action or proceeding affects disclosure under § 6103. Our decisions on this issue follow

the majority of jurisdictions holding that the validity of the underlying proceeding is immaterial to a determination of liability for unauthorized disclosure under § 6103.  In *DiAndre v. United States*, 968 F.2d 1049, 1053 (10th Cir. 1992), we held that the question of the propriety of the means by which the IRS sought information in an investigation was irrelevant to whether disclosure under § 6103 was proper.  *See also Spence v. United States*, No. 96-2196, 1997 WL 314836, **2-4 (10th Cir. June 12, 1997) (relying on *DiAndre* to hold that validity of summons was irrelevant to finding of violation of § 6103) (unpublished).

Here, the validity of the lien and notice of levy on plaintiffs' property has not been adjudicated, and, therefore, the issue of validity is not before this court for determination.  In the event, however, it is determined that the lien and notice of levy were unauthorized, we hold that this fact would be irrelevant to a determination of liability under § 7431.  Therefore, we affirm the district court's grant of summary judgment on this issue.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-9-