

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-1994

# Venen v. USA

Precedential or Non-Precedential:

Docket 94-3050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation
"Venen v. USA" (1994). *1994 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-3050

DAVID P. VENEN,
Appellant

v.

UNITED STATES OF AMERICA,
Appellee

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 92-1991)

Submitted pursuant to Third Circuit LAR 34.1(a)
July 26, 1994

Before:   BECKER and ALITO, <u>Circuit Judges</u>
and BRODY, <u>District Judge</u>[*]

(Filed:  October 18, 1994)

PETER M. SUWAK
Pete's Surplus Building
P.O. Box #1
Washington, PA  15301

<u>Attorney for Appellant</u>

LORETTA C. ARGRETT,
   Assistant Attorney General
GARY R. ALLEN
WILLIAM S. ESTABROOK
RANDOLPH L. HUTTER,
   Attorneys Tax Division
Department of Justice
P.O. Box #502
Washington, DC  20044

---

   *  Hon. Anita B. Brody, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

**BONNIE R. SCHLUETER**
**Assistant U.S. Attorney**
**633 U.S. Post Office & Courthouse**
**Pittsburgh, PA   15219**

<u>**Attorneys for Appellees**</u>


**OPINION OF THE COURT**


BRODY, <u>District Judge</u>,

Plaintiff, David Venen, appeals from the district court's grant of summary judgment for the defendant United States in this suit for damages Venen claims resulted from unauthorized tax collection actions, failure to release a tax lien, and unauthorized disclosure of tax return information.  This appeal presents two issues.

The first issue is whether the plaintiff exhausted his administrative remedies before seeking relief from the district court for damages from unauthorized tax collection actions and failure to release a tax lien.  We hold that plaintiff's failure to comply with the regulations constitutes a failure to exhaust and, therefore, the grant of summary judgment on these claims is proper.

The second issue arises in the claim for unauthorized disclosure of tax return information.  Although the Tax Code generally prohibits the disclosure of tax return information, it authorizes disclosure when the tax return information relates to collection activity, including a levy on assets to satisfy an outstanding tax liability.  Plaintiff contends that the levies

against his assets were unlawful and therefore the information relating to the levies was impermissibly disclosed. The question is whether it is relevant that the levy is unlawful. We hold that it is not and, therefore, that the grant of summary judgment on the disclosure claim is proper.

28 U.S.C. § 1291 gives us jurisdiction.

## I.

Venen's Amended Complaint asserts claims for unauthorized tax collection actions under 26 U.S.C. § 7433 (Counts I, III and IV); failure to release a tax lien under 26 U.S.C. § 7432 (Counts II and V); and unauthorized disclosure of tax return information under 26 U.S.C. § 7431 (Count VI). The district court granted summary judgment for defendant on Counts I-V on the ground that Venen had failed to exhaust administrative remedies as required by sections 7432 and 7433. The court also granted summary judgment for defendant on Count VI, holding that the disclosures did not give rise to damages under section 7431 because the Internal Revenue Service of the United States (IRS) made the disclosures to obtain information to collect taxes.

The district court's grant of summary judgment is subject to plenary review. American Medical Imaging Corp. v. St. Paul Fire ad Marine Ins. Co., 949 F.2d 690, 692 (3d Cir. 1991). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendants are entitled to summary judgment only if no reasonable resolution of the conflicting evidence and the inferences that could be drawn from that evidence could result in a judgment for plaintiffs. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "[T]he mere existence of a scintilla of evidence in support of plaintiffs['] position will be insufficient[;] there must be evidence on which the jury could reasonably find for the plaintiff[s]." Id. at 252. Since the district court made no findings of fact, we will state the facts from the record viewed in the light most favorable to Venen, the non-moving party.

Venen's claims result from efforts by the IRS to collect the federal income taxes he owed for a ten-year period, from 1977 through 1986. In July 1979, Venen filed his tax returns for years 1977 and 1978. In March 1985, Venen filed federal tax returns for years 1979 through 1983. Shortly thereafter, Venen entered into an agreement with the IRS to pay his taxes in installments. The installment agreement covered tax years 1977 and 1978 as well as 1979 through 1983.[1]

On November 27, 1987, while Venen was complying with the installment agreement, the IRS issued to Venen's employer the

---

[1] Appendix at 52a (Defendant's Statement of Material Facts as to Which it Contends There is no Genuine Issue ¶ 3). The record does not contain the actual installment agreement.

first of four disputed Notices of Levy to collect taxes.  This Notice of Levy was for the collection of taxes for the years 1980 through 1984 and 1986.  After that notice was issued but before the IRS issued a second notice, Venen met with IRS Agent Argento, who placed the account on "non-collectible status."  Appendix at 118a (Affidavit of David Venen ¶ 10).

On September 25, 1990 the IRS issued a second Notice of Levy to Venen's employer for tax years 1977 and 1978.  In October 1990, IRS Agent Gregorakis "reviewed the file at Venen's request and told Venen that the levy should not have been issued in view of Venen's 'non-collectible' status, apologized, and said the levy would be released."  Appendix at 118a (Venen Affidavit ¶ 12).  On January 15, 1991, the IRS issued a third Notice of Levy to Venen's employer for tax years 1977 and 1978, and a fourth on April 17, 1991 to his employer and to his bank, for tax years 1977 through 1984 and 1986.

After "numerous negotiations" between Venen and the IRS to release the fourth levy, Agent Gregorakis told Venen that no further administrative remedies were available.  Appendix at 119a (Venen Affidavit ¶¶ 16 & 18).  On June 27, 1991 Venen's attorney confirmed that representation in a letter to Agent Gregorakis stating "It is my understanding that you stated all administrative remedies have been exhausted and should we wish to pursue the matter further [Venen's] only recourse would be to file a civil suit against the Internal Revenue Service."

Appendix at 214a (Letter from Attorney Peter Suwak to Agent Gregorakis).  The letter asks Agent Gregorakis to respond if that understanding is incorrect.  <u>Id</u>.  Agent Gregorakis did not respond and does not recall receiving the letter.

Venen's complaint is based on improper collection activities, including breach of the installment agreement by attempts to levy on Venen's wages and bank account.  Count VI is based on improper disclosures relating to those activities, specifically disclosures contained in the notices of levy.

A.

In Counts I through V, Venen asserts claims under 26 U.S.C. § 7432 for failure to release a tax lien and under 26 U.S.C. § 7433 for unauthorized tax collection activities.[2]  Both

---

[2]  Section 7432 provides:

> (a) If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
>                     . . .
> (d)  Limitations. --
>      (1)  Requirement that administrative remedies be exhausted. -- A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

> Section 7433 provides:

> (a)  In general. -- If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of

Tax Code provisions require a plaintiff to exhaust administrative remedies before filing a civil suit. See 26 U.S.C. §§ 7432(d) and 7433(d). Failure to exhaust deprives the court of jurisdiction. Information Resources, Inc. v. United States, 950 F.2d 1122 (5th Cir. 1992).

Treasury regulations specify the administrative remedies to exhaust. Administrative remedies for section 7432 are set forth in Treasury Regulation § 301.7432-1; remedies for section 7433 are found in Treasury Regulation § 301.7433-1. Both regulations apply to "civil actions . . . filed in federal district court after January 30, 1992." Because Venen filed suit September 25, 1992, the regulations apply to this case. See McGarvin v. United States, 93-1 U.S.T.C. ¶ 50,325 (E.D. Mo.), aff'd 12 F.3d 1102 (8th Cir. 1993).

An administrative claim for failure to release a tax lien must include the taxpayer's identifying information, a copy of the notice of lien affecting the property, the grounds for the

(..continued)
>            this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>                                      . . .
>            (d) Limitations. --
>                (1) Requirement that administrative remedies be exhausted. -- A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

claim, a description of injuries, and the amount of the claim.
See Treas. Reg. § 301.7432-1(f). An administrative claim for
unauthorized collection actions also must include identifying
information, the grounds for the claim, a description of
injuries, and the amount of the claim. See Treas. Reg. §
301.7433-1(e).

Both regulations require a taxpayer to make the claim
for relief "in writing to the district director . . . in the
district in which the taxpayer currently resides." Treas. Reg.
§§ 301.7432-1(f); 301.7433-1(e). The Seventh Circuit has held
that a letter addressed to the revenue officer listed on the
notice of levy did not comply with a similar treasury regulation
requiring a written request "addressed to the district director."
Amwest Surety Insurance Co. v. United States, No. 93-2915 (7th
Cir. July 1, 1994) (considering Treas. Reg. § 301.6343-1(b)(2)).
The failure to comply deprives a court of jurisdiction even
though the IRS has received actual notice of the claim and never
informs the taxpayer of the proper procedures. Amwest, slip op.
at 11.

Venen failed to comply with the regulations under
sections 7432 and 7433. He argues that the letter to Agent
Gregorakis explaining that he understands he has exhausted his
administrative remedies satisfies the regulations. Venen's
letter is inadequate to trigger administrative review both
because it is addressed to a revenue agent and not to the

district director, see Amwest, slip op. at 11, and because it does not specify the grounds for relief, see Treas. Reg. §§ 301.7432-1(f) and 301.7433-1(e).  Agent Gregorakis' alleged failure to respond to the letter does not excuse Venen.  As the Seventh Circuit held, a failure to petition the IRS correctly is a failure to exhaust even if the IRS does not inform a taxpayer of proper procedures.  Amwest, slip op. at 11.

Finally, Venen argues that he is excused from the exhaustion requirement because exhaustion would be futile.  Venen bases his futility argument on Information Resources, Inc. v. United States, 950 F.2d 1122 (5th Cir. 1992), in which the Fifth Circuit held that then-applicable administrative remedies under section 7432 were excused because the IRS already had provided the only relief authorized by the remedies--release of the lien.  Information Resources, 950 F.2d at 1127.  Current remedies under section 7432, effective since the Fifth Circuit decided Information Resources, provide that administrative relief may include damages.  Administrative relief under the other section at issue here, section 7433 also may include damages.  See 26 Treas. Reg. §§ 301.7432-1(f) and 301.7433-1.  The IRS has not awarded or denied Venen damages on his claims.  Therefore, the IRS has not granted all available administrative relief and exhaustion would not be futile.

The district court's grant of summary judgment on Counts I-V is, therefore, affirmed.

B.

In Count VI, Venen seeks damages under 26 U.S.C. § 7431, which provides a civil cause of action for knowing or negligent disclosure of tax return information in violation of 26 U.S.C. § 6103.[3]  Title 26 U.S.C. § 6103 establishes the principle that tax return information is confidential and may not be disclosed except in certain situations, including those enumerated in section 6103(k).

To prevail in his claim under section 7431, Venen must "demonstrate [1] a violation of Section 6103, and [2] that such a violation resulted from knowing or negligent conduct."  Elias v. United States, No. CV 90-0432, 1990 WL 264722, at *3 (C.D. Cal. Dec. 21, 1990), aff'd 974 F.2d 1341 (9th Cir. 1992).  Because we hold that Venen has not demonstrated a violation of section 6103, we do not reach the second requirement.

Section 6103(a) states that "[r]eturns and return information shall be confidential, and except as authorized by this title . . . no officer or employee of the United States

---

[3]    Section 7431 provides:

(a)
(1) . . . If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

. . . shall disclose any return or return information." 26 U.S.C. § 6103(a). Section 6103(k)(6) contains the authorization relevant to this case. It provides that:

> An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6). Regulations promulgated under the provision permit disclosure to obtain information necessary "to apply the provisions of the Code relating to establishment of liens against [the taxpayer's] assets, or levy on, or seizure, or sale of, the assets to satisfy any [outstanding] liability." Treas. Reg. § 301.6103(k)(6)-1(b)(6).

Venen's section 7431 claim is based on disclosures of return information in the four contested Notices of Levy. There is no dispute that these disclosures were necessary to effect the levies and that information may be properly disclosed under section 6103(k)(6) "to effect a . . . levy." Elias, at *4. Venen maintains, however, that the disclosures violated section 6103(k)(6) because the underlying levies were unlawful. He contends that the levies were unlawful because they were issued

while he was complying with an installment agreement and his account was on non-collectible status. Venen's factual contention that the levies were unlawful is material only if an authorized disclosure of information under section 6103(k)(6) is converted into an unauthorized one when the disclosure occurs in the process of establishing an unlawful levy.

Courts are split on whether the validity of the underlying levy affects disclosure under section 6103. One line of cases holds that "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." Elias, 1990 WL 264722 at *5. See, e.g., Tomlinson v. United States, 1991 WL 338328 (W.D. Wash. 1991) (validity of lien irrelevant), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) (permissible to disclose information under mistaken impression that taxes are due), aff'd 849 F.2d 604 (4th Cir. 1988); Bleavins v. United States, 807 F. Supp. 487, 489 (C.D. Ill. 1992) ("§ 7431 does not apply to disputed merits of an assessment"), aff'd 998 F.2d 1016 (7th Cir. 1993).

Another line of cases does consider the validity of the levy to be relevant to disclosure under section 6103. The Eighth Circuit, without analysis, concludes that disclosure in pursuance of an unlawful levy violates section 6103(k)(6). Rorex v. Traynor, 771 F.2d 383 (8th Cir. 1985) (finding levy unlawful due to compliance with installment agreement). See also Maisano v.

<u>United States</u>, 908 F.2d 408 (9th Cir. 1990) (although not specifically linking the two, considering validity of the underlying tax liens and levies before finding IRS authorized to disclose under § 6103); <u>William E. Schrambling Accountancy Corp. v. United States</u>, 689 F. Supp. 1001, 1006 (N.D. Cal. 1988) (following <u>Rorex</u> rule that improper notice of levy is basis for liability), <u>rev'd on other grounds</u> 937 F.2d 1485 (9th Cir. 1991) (reversing because information already public record and therefore not protected by § 6103), <u>cert. denied</u> 112 S. Ct. 956 (1992).

We join those cases that decline to consider the validity of the underlying levy in deciding whether the IRS has disclosed in violation of section 6103. The history of section 6103 indicates that Congress enacted the provision to regulate a discrete sphere of IRS activity--information handling. Prior to the amendment of section 6103 in the Tax Reform Act of 1976, tax returns were public records but subject to inspection and disclosure only under special circumstances, including upon order of the President. <u>United States v. Bacheler</u>, 611 F.2d 443 (3d Cir. 1979). Under the former provision, the IRS provided extensive tax return information to various governmental agencies. S. Rep. No. 94-938, 94th Cong., 2d Sess. 317 (1976), <u>reprinted in</u> 1976 U.S.C.C.A.N. 3746.

During the amendment process in 1976, Congress expressed concern that those disclosures "breache[d] a reasonable

expectation of privacy on the part of the American citizen with respect to such information." Id. The breach threatened to undermine our voluntary tax assessment system. Id. By the amendment of section 6103, Congress sought to restore taxpayer confidence in the privacy of return information. Elias, 1990 WL 264722 at *4. The revised provision balances the taxpayer's expectation of privacy with the government's need to collect taxes by making information confidential "except in those limited situations delineated in the newly amended section 6103 where it was determined that disclosure was warranted." S. Rep. No. 94-938, 94th Cong., 2d Sess. 318 (1976), reprinted in 1976 U.S.C.C.A.N. 3747. The Tax Reform Act also contained an enforcement mechanism for section 6103. Section 7217, the predecessor statute to section 7431, provided a civil damages remedy for knowing or negligent disclosures in violation of section 6103. 26 U.S.C. 7217 (Pub. L. No. 94-455, § 1202(e) (1976)).[4]

In a claim such as the present one based on an improper levy, the concern is not improper information handling but rather improper collection activity. Collection activity is a separate sphere of IRS activity governed by a separate body of law. For example, the Tax Code specifies procedures for assessing

---

[4] In 1982, Congress replaced section 7217 with section 7431, which remedies the same conduct but names the United States rather than the IRS employee as the proper defendant. Pub. L. No. 97-248, § 357(a) (1982).

deficiencies and for levying against property.  See §§ 6321-6326 (tax liens) and 6331-6334 (tax levies).  The enforcement mechanism for collection provisions is 26 U.S.C. § 7433.  It creates a civil cause of action for damages "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title" and is the "exclusive remedy for recovering damages resulting from such actions."  26 U.S.C. § 7433.  Venen did bring claims under section 7433 in Counts I, III, and IV, which were barred by his failure to exhaust administrative remedies.

These two bodies of law must remain distinct.  Section 6103 and its attendant damages provision, section 7431, were meant to regulate only one sphere of activity--information handling--and were "not intended to interfere with . . . collection actions."  Flippo, 670 F. Supp. at 641 (describing section 7431).  Thus, the propriety of the underlying collection action, in this instance the validity of the levy, is irrelevant to whether disclosure is authorized under section 6103 and the basis for liability under section 7431.

The history and structure of the Tax Code's damages scheme compels this result.  Congress reacted to concerns about violations of privacy in the Tax Reform Act of 1976 by protecting return information and creating a damages remedy for unauthorized

disclosures that are the result of knowing or negligent conduct. See 26 U.S.C. §§ 6103 and 7217 (now § 7431). Congress addressed concerns about improper collection actions in 1988, when it enacted section 7433. The legislative history of that provision sheds light on the scope of section 7431. The House Report states that, under current law in 1988, "[t]axpayers d[id] not have a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee." H. Rep. No. 100-1104, 100th Cong., 2d Sess. 228 (1988) reprinted in 1988 U.S.C.C.A.N. 5288. That statement suggests that section 7431, by its incorporation of section 6103, did not reach the conduct remedied by section 7433--improper collection actions.

Venen's interpretation of section 7431 would undermine the culpability requirement of section 7433. Although the Senate Amendment for Section 7433 proposed a cause of action to encompass careless, reckless or intentional unauthorized collection actions, section 7433 as enacted provides a claim only for reckless or intentional actions. 1988 U.S.C.C.A.N. 5289. Venen's position would allow a taxpayer to premise liability under section 7431 on an unauthorized collection action that fails to meet the "reckless or intentional" culpability standard. Venen argues that disclosure in the course of an unauthorized collection action, such as an unlawful levy, violates section 6103 and may create liability under section 7431. Thus, Venen

factors unlawful levies into the analysis under section 7431 without imposing the requirement of section 7433 that the levy result from reckless or intentional conduct. This reasoning opens the door for a taxpayer to base a section 7431 claim on negligent or even nonculpable conduct that leads to an unlawful levy. A taxpayer would gain through the back door of section 7431 what was specifically denied under section 7433.[5]

The plain language of section 6103 also mandates the conclusion that the lawfulness of the levy is irrelevant to whether disclosure is authorized. The provision requires only that information be disclosed for one of the specified purposes-- here, "in connection with . . . collection activity . . . to obtain information . . . with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title." § 6103(k)(6). The regulations specifically authorize disclosure "to apply the provisions of the Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any [outstanding] liability." Treas. Reg. § 301.6103(k)(6)-1(b)(6). Neither the statute nor the regulations on their face authorize

---

[5] Some courts that do look behind collection activity seem to have responded to this problem by applying the "knowing or negligent" culpability requirement of section 7431 to the unlawful collection activity. See, e.g., Chandler, 687 F. Supp. at 1520. Even under that analysis taxpayers recover for less than reckless or intentional conduct.

the court to consider whether the collection activity itself is proper.[6] Cf. Creighton R. Meland, Jr., Note, Omnibus Taxpayers' Bill of Rights Act:  Taxpayers' Remedy or Political Placebo?  86 **Mich. L. Rev**. 1787, 1812 n.162 (1988).

Finally, the result urged by Venen, making unlawful levies the basis for liability under section 7431, might impede the efficient and orderly collection of taxes.  Aware of possible liability, an IRS agent might feel the need to check the validity of the underlying levy before performing the routine task of establishing a levy to collect taxes.  Such a restraint could place an undue burden on collection activity.

The IRS disclosed Venen's tax return information in pursuit of a levy.  The IRS, therefore, has not violated section 6103 and is not liable under section 7431.

Accordingly, the district court's grant of summary judgment in favor of defendant on Count VI is affirmed.

---

[6]  The Rorex court was concerned that this reasoning "open[s] a significant loophole" in section 7431:  An IRS agent could disclose information "simply by making the disclosure in the form of a notice of levy."  Rorex, 771 F.2d at 386.  One court addressed this concern by holding that "[t]he provisions of section 6301(k)(6) [sic] do not authorize disclosures made after the government admits that the underlying assessment was in error."  Husby v. United States, 672 F. Supp. 442 (N.D. Cal. 1987).  Under our reasoning, because a court may not look behind a levy, section 6103 would authorize disclosure to establish a levy even if the IRS agent knows that there is no tax liability or that the levy is an improper means of collection.  In that circumstance, the taxpayer still has a remedy in section 7433 for reckless or intentional unauthorized collection activity.

C.

For the foregoing reasons, the judgment of the district court will be affirmed.