**Larry N. MILBY and Violet
S. Milby, Plaintiffs,**

v.

**UNITED STATES of America,
et al., Defendants.**

**No. Civ.A. 00–116J.**

United States District Court,
W.D. Pennsylvania.

March 16, 2001.

Larry N. Milby, Magnolia, KY, plaintiff, pro se.

Violet S. Milby, Magnolia, KY, plaintiff, pro se.

Paul E. Skirtich, United States Attorney's Office, Pittsburgh, PA, Michael J. Kearns, Gerald A. Role, United States Department of Justice, Ben Franklin Station, Tax Division, Washington, DC, for USA, defendant.

## MEMORANDUM and ORDER

SMITH, Chief Judge.

Plaintiffs, proceeding *pro se,* initiated this civil action on April 3, 2000 in the United States District Court for the District of Columbia. In bold text, on the face sheet of the complaint, plaintiffs designated their cause of action as a "FEDERAL TORT CLAIM" and identified the United States as the defendant along with "[a]ll Unknown(s) parties not excluding Federal, State, County, and local Government(s) and their Enities, Agents, Officers, citizens, Servants, Members, Residents, Wards, Employees, Etc. such as but not limited to; UNITED STATES." Dkt. no. 1, at 1 (typographical errors present in original). Paragraph 5 of the complaint also identified the United States as a defendant, together with numerous other individuals and entities who had also been named as defendants in another suit or counterclaim by Mr. Milby. *See Milby v. United States,* civil action no. 98–164J (W.D.Pa.); and *Borough of Martinsburg v. Milby,* civil action no. 99–40J (W.D.Pa.).

After greeting the court, identifying the defendants and citing the basis for jurisdiction and venue, plaintiffs averred that

The United States and its Agency the IRS without cause or notice and "unknown to Plaintiffs" assessed a tax owed the United States on Plaintiff (1) to be greater than One Billion dollars for the tax year 1987 derived from an [sic] fictitious ocean going oil tanker furthermore fraudulently claimed by the IRS to be owned by Larry N. Milby.

May 4th, "1997" ten years after the unbelievable assessment, and unknown to Plaintiffs, Cora Bacon and the Internal Revenue Service hereafter (IRS) and IRS employees unknown, by their determination to terminate Plaintiff (I) Larry N. Milby's alleged taxable year of "1987," did file a substitute tax form under the name Larry N. Milby and then did place levy on, seizure of and execute sale of Plaintiff (1) rights and interest of the following Pennsylvania realty jointly owned by both Plaintiffs[.]

Dkt. no. 1, ¶¶ 23–24. The Pennsylvania realty was six contiguous lots situated in Martinsburg, Pennsylvania, formerly owned by Mr. Milby. Plaintiffs denied that "one or either owe[d] the United States a tax due from 1987 or any other year." *Id.* ¶ 26.

The seizure and sale of Mr. Milby's realty allegedly prompted plaintiffs to file administrative claims. Dkt. no. 1, ¶ 27. The attached claims, addressed to the Commissioner of Internal Revenue, indicate that plaintiffs were endeavoring to "resolve a series of ongoing unlawful, illegal, and unethical acts of misconduct by the Internal Revenue Service[.]" *Id.* exh's 1, 2. The alleged unlawful conduct resulted from the failure of Internal Revenue Service ("IRS") agent Cora Bacon to adhere to the congressionally mandated procedures for levy, seizure and sale of a taxpayer's property.

Thereafter, plaintiffs' complaint rambles on about property allegedly seized in Kentucky in 1982, personal property taken in Blair County, Pennsylvania in 1982, and events that transpired in his legal attempts to regain possession of said property. The complaint also sets forth the facts underlying Mr. Milby's inability to obtain zoning for his Martinsburg property, his treatment at the hands of a local law enforcement official, the sale by the IRS of his Martinsburg property, the subsequent acquisition of that property by Martinsburg

Borough, and the sale by Martinsburg Borough of the personalty located in Mr. Milby's former realty. Dkt. no. 1, at 10–17.

After consideration of Milby's prolix complaint and because of the similarity between the allegations in this action and the other pending civil actions, I directed that plaintiffs file a supplement to their complaint setting forth a numbered list of claims, and stating the nature of each claim, the defendant(s) against whom it is alleged, the basis for the claim and the date the claim arose. Dkt. no. 5. In response, plaintiffs filed an "Amended Complaint/Answer to Memorandum." Dkt. no. 6. The "Amended Complaint," filed June 2, 2000, averred only the following:

1. Claim redresses, fraudulent 1987 tax assessments and collections resulting in unlawful takings.

2. Defendants conspired to exploit fantastic tax disputes (see Tort Claim exhibit (A) by authorizing state oppressions against Plaintiffs.

3. Seized properties were acquired by Defendants who continue to disrespect Plaintiffs interest.

4. Plaintiffs finally learned in 1999 that USA relied upon exhibit (a) to justify their fantastic 1987 tax claim and taking in 1997.

Dkt. no. 6.

Near the end of July, plaintiffs filed a Motion to Release Erroneous Federal Tax Lien, dkt. no. 8. That motion described how IRS agent Cora Bacon filed a Notice of Federal Tax Lien in the Court of Common Pleas of Blair County on June 3, 1996. The attached Notice indicated that the kind of tax was "1040," and that it pertained to the tax period ending December 31, 1987. Dkt. no. 8, exh. A. The unpaid balance of the assessment, according to the Notice, was $30,101.97. *Id.* In plaintiffs' view, the Notice was wrong. Plaintiffs explained that in June 1998, Mr. Milby had requested information about the 1987 tax from another IRS official. Dkt. no. 8, exh. B. Thereafter, Mr. Milby was advised in December 1998 by Darlene O'Neill, Disclosure Officer for the IRS, that the taxes associated with the 1996 Federal Tax Lien were attributable to revenues generated by " 'his oil tanker' " and that the tax ramifications from that tanker totaled $1,222,251,499.90. Dkt. no. 8, ¶ 4. Plaintiffs seek the release of this tax lien under 26 U.S.C. §§ 7432, 7433.

On August 30, the federal government moved to dismiss plaintiffs' complaint. Dkt. no. 10. Hence, the federal government was served, in some manner, by the plaintiffs. The record is devoid of any evidence that plaintiffs' original complaint was served upon the other named defendant individuals and entities. Indeed, there are no responses of record to the plaintiffs' complaint besides the federal government's motion to dismiss. The absence of a response is in all likelihood due to the fact that the allegations of plaintiffs' complaint assert claims that have previously been asserted, and dismissed to an extent, by Mr. Milby in civil action no. 98–164J or asserted unsuccessfully by Mr. and Mrs. Milby in opposition to the Borough of Martinsburg's quiet title action in civil action no. 99–40J. Because these claims have been asserted in the other actions, there is no need to re-consider those claims again in this action. Accordingly, any claims asserted by Mr. and Mrs. Milby against the following defendants will be dismissed as duplicative: the Commonwealth of Pennsylvania; the County of Blair; John H. Eichelberger, Blair County Commissioner; the Borough of Martinsburg, Pennsylvania; Donald C. Greenleaf, Mayor; Randy K. Stoltz, Manager; Robert A. Carper, Council President; Robert C. Ritchey, William C. Lewis, Nathan P. Ormsby, Lance F. Johnson, Brian Gahagan, Councilmen; Richard A. Brantner, Police Chief; Gene Henry; Kirk Leidy/

Tour DeToona; Russo Demolition and Salvage; James Blackstone; and Ault Construction.

What remains are plaintiffs' claims contesting the tax assessment related to 1987, the propriety of the IRS' action in seizing and selling Mr. Milby's Martinsburg realty and the assertion that the seizure and sale of Milby's Martinsburg Borough real estate resulted in an unconstitutional taking. I need not re-consider whether the government's actions constituted a violation of the Milby's Fifth Amendment rights or whether plaintiffs averred a *Bivens*[1] claim against the IRS agent Cora Bacon in her personal capacity. Those claims were dismissed in my memorandum and order dated October 6, 1999 in *Milby v. United States,* civil action no. 98–164J, dkt. no. 67, at 4–8. Recently, in *Shreiber v. Mastrogiovanni,* 214 F.3d 148, 152–53 (3d Cir. 2000), the Third Circuit confirmed that a *Bivens* action may not be asserted against a tax official. My earlier declaration that plaintiffs' claim against the federal government could not be pursued under the Federal Torts Claims Act is equally applicable here. *See Milby v. United States,* civil action no. 98–164J, dkt. no. 67, at 7–8 (W.D.Pa. Oct. 6, 1999).

■ My dispositions in Milby's companion cases, however, did not address the vitality of the IRS' lien against Mr. Milby or the propriety of the actions of the IRS' agent in executing on his realty. Liberally construing plaintiff's complaint, amended complaint and motion to release lien, as I must, I conclude that plaintiff has asserted claims pursuant to 26 U.S.C. § 7432 and § 7433. Section 7432 provides that:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7432(a). Section 7433 also permits an aggrieved taxpayer to initiate a civil action for damages against the United States, if,

> in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title.

26 U.S.C. § 7433(a). Both of these provisions, however, require the exhaustion of administrative remedies and the initiation of suit "within 2 years after the right of action accrues." 26 U.S.C. §§ 7432(d), 7433(d). Cognizant of this two year statute of limitations, the federal government contends that plaintiffs' claims are time-barred because they "failed to file their complaint within two years of the date of the allegedly improper sale" of the Martinsburg property. Dkt. no. 11, at 7.

A district court should refrain from granting a dismissal under Federal Rule of Civil Procedure 12(b)(6) unless the allegations in the complaint fail to state any claim upon which relief can be granted. *City of Pittsburgh v. West Penn Power Co.,* 147 F.3d 256, 262 (3d Cir.1998). In determining whether the allegations in the complaint are sufficient to state a claim, the court must "accept as true the factual allegations and all reasonable inferences that can be drawn from them[.]" *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). The court must focus on the pleadings, but may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the rec-

---

**1.** *See Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

ord of the case." *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1384 (3d Cir.1994); *see also Churchill v. Star Enter.*, 183 F.3d 184, 190 n. 5 (3d Cir.1999).

While a statute of limitations defense cannot normally be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading. Both §§ 7432 and 7433 require that any suit against the United States "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. §§ 7432(d)(3), 7433(d)(3). The regulations further specify that a cause of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432–1(I)(2), 301.7433–1(g)(2).

Application of this legal standard to the matters of public record appearing in Milby's other cases and the instant complaint, filed on April 3, 2000, compels the conclusion that plaintiff's grievance regarding the propriety of the seizure, sale and conveyance of the Martinsburg realty is time-barred. Mr. Milby's administrative claim, attached to the complaint as an exhibit, relates that his wife contacted him in May 1997 to advise him that the IRS had advertised that his property in Martinsburg was for sale. Dkt. no. 1, exh. 2. Thereafter, he obtained a copy of the Notice of Sale from his wife. The sale, according to plaintiff's complaint occurred on May 5, 1997. Dkt. n. 1, at 36, ¶ 31. The December 1, 1997 deed from the IRS to Martinsburg Borough is contained in the record of the quiet title action docketed in civil action no. 99–40J. *See* 99–40J, dkt. no. 33, exh. A. Exhibits of record in civil action no. 98–164J, establish that upon acquiring title to the realty, Martinsburg notified Mr. Milby by correspondence dated December 10, 1997 [2] that it owned the property and that he had "60 days notice" to pick up the personal property that remained on the premises. Civil action no. 98–164J, dkt. no. 75, exh. B–5. Milby responded in a letter dated January 30. *Id.* exh. B–7. The Borough issued a second notice to Milby on February 6, 1998 that he had to make arrangements to remove his personal property from the building which the Borough now owned or arrangements for the disposal of the personalty would be made. Civil action no. 98–164J, dkt. no. 75, exh. B–7. Milby responded again in a letter dated February 17, 1998, denied that he abandoned the property, and demanded that the Borough vacate the building. Civil action no. 98–164J, dkt. no. 75, exh. B–8. The personalty was subsequently sold and removed from the building in April 1998. Civil action no. 98–164J, dkt. no. 75, exh. B.

■ Thus, at the latest, Mr. Milby "discover[ed] all the essential elements of a possible cause of action" [3] based on "certain unauthorized collection actions" [4] by February 17, 1998; the date of his letter demanding that the Martinsburg Borough vacate the realty. Accordingly, any claim under § 7433 for improperly seizing, selling and conveying the Martinsburg realty had to be brought by February 18, 2000. Because plaintiffs did not file this suit until April 3, 2000, their claim under 26 U.S.C. § 7433 is time-barred. [5] *See Dziura v. United States*, 168 F.3d 581 (1st Cir.1999).

---

2. This correspondence was sent by certified mail and received on December 16, 1997. Civil action no. 98–164J, dkt. no. 75, exh. B–5.

3. 26 C.F.R. § 301.7433–1(g)(2).

4. 26 U.S.C. § 7433 (heading).

5. Although it cannot be determined definitively at this time, it appears that plaintiffs' claim also fails because they did not exhaust their

Plaintiffs' claim pursuant to 26 U.S.C. § 7432 challenging the IRS' failure to release the lien, based on taxes associated with the revenue generated by "his oil tanker," survives the motion to dismiss. It is impossible to determine at this juncture whether plaintiffs exhausted their administrative remedies or when their right of action accrued.

Accordingly, this 16 th day of March 2001, it is hereby

ORDERED AND DIRECTED that:

1. Any claims asserted by plaintiffs against the following defendants will be dismissed as duplicative of the causes of action asserted in *Milby v. United States*, civil action no. 98–164J (W.D.Pa.), or the counterclaim asserted in *Borough of Martinsburg v. Milby*, civil action no. 99–40J (W.D.Pa.): the Commonwealth of Pennsylvania; the County of Blair; John H. Eichelberger, Blair County Commissioner; the Borough of Martinsburg, Pennsylvania; Donald C. Greenleaf, Mayor; Randy K. Stoltz, Manager; Robert A. Carper, Council President; Robert C. Ritchey, William C. Lewis, Nathan P. Ormsby, Lance F. Johnson, Brian Gahagan, Councilmen; Richard A. Brantner, Police Chief; Gene Henry; Kirk Leidy/Tour DeToona; Russo Demolition and Salvage; James Blackstone; and Ault Construction.

2. Defendant's motion to dismiss, dkt. no. 10, is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims against the United States shall be dismissed except for plaintiffs' claim under 26 U.S.C. § 7432 averring a failure by the IRS to release

the lien based on taxes assessed on revenues allegedly derived from Mr. Milby's "oil tanker."

3. Defendant shall, on or before March 30, 2001, answer those portions of the plaintiffs' complaint which relate to the lien based on taxes assessed on revenues allegedly derived from Mr. Milby's "oil tanker" or file a motion for summary judgment, together with a memorandum of law and any supporting evidentiary material.

4. Plaintiffs' motion for release of federal tax lien, dkt. no. 8, is DENIED.

---

administrative remedies in accordance with the procedure specified in the regulations. *See* 26 U.S.C. § 7433(d)(1). The administrative claims attached to the complaint were directed to the Commissioner of the Internal Revenue Service. The regulations mandate that administrative claims "shall be sent in writing to the *district director.*" 26 C.F.R. § 301.7433–1(e)(1) (emphasis added). Failure to comply with this regulation "deprives a court of jurisdiction even though the IRS has received actual notice of the claim and never informs the taxpayer of the proper procedures." *Venen v. United States*, 38 F.3d 100, 103 (3d Cir.1994). In other words, "a failure to petition the IRS correctly is a failure to exhaust[.]" *Id.* (following *Amwest Surety Ins. Co. v. United States*, 28 F.3d 690, 696 (7th Cir.1994)); *see also Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir.1997).