

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Shearin v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shearin v. USA" (2006). *2006 Decisions.* Paper 713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 05-1678
_____


K. Kay Shearin
Appellant
v.

United States of America

_____


On Appeal From the United States District Court
For the District of Delaware
(D.C. No. 02-cv-00266)
District Judge: Honorable Kent Jordan
_____


Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: July 24, 2006 )


_____


OPINION

_____


PER CURIAM

K. Kay Shearin seeks a refund or credit for taxes she paid in 1993 and damages

against the IRS for unlawful collection.  The District Court granted the IRS summary

judgment and this appeal followed.[1]  For the reasons below, we will affirm.

We recount only the facts relevant to the disposition of this appeal.  In 1993 Shearin paid the IRS $10,000 for her tax liability for 1991 and 1992.  In April 1997, she filed tax returns for 1990 through 1996.  In 1998, Shearin filed amended returns for 1991 and 1992 to remove some income.  Based on this, she claimed a credit on her 1997 return.  The IRS did not allow the credit.  The IRS informed Shearin that she was deficient in her taxes and later filed liens against her bank account and house and filed a levy with her employer.  Shearin filed for bankruptcy in December 2001 and her tax liability for 1990-1996 was discharged in March 2002.  In the present suit, she seeks both a refund of her payments from 1993 and damages for allegedly unlawful attempts to collect taxes.

Because Shearin is seeking a refund of taxes paid in 1993, her refund claim is time-barred under 26 U.S.C. § 6511(b).  Section 6511(b)(2)(A) limits the amount a taxpayer can recover in a refund suit to money paid on the tax in question within three years of the refund claim.  In this case, the refund claim was on February 28, 1998. Shearin cannot recover her 1993 payment.

We reject Shearin's argument that the running of the statute of limitations was tolled under § 6511(h) because that section does not apply to claims that were barred before its effective date, July 22, 1998.  See Historical and Statutory Notes for 26 U.S.C.A. § 6511.  Because Shearin's claim was already barred in 1996, § 6511(h) does

---

[1] We have jurisdiction under 28 U.S.C. § 1291; our review is plenary, Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 354 (3d Cir. 2003).

not apply. We also reject her claim for equitable tolling, which does not apply to § 6511. United States v. Brockamp, 519 U.S. 347, 354 (1997) ("Congress did not intend the "equitable tolling" doctrine to apply to § 6511's time limitations."); Doe v. KPMG, LLP, 398 F.3d 686, 689 (5th Cir. 2005) (confirming the continued force of Brockamp after enactment of § 6511(h)).

Shearin tries to avoid the effect of § 6511(b)(2)(A) by arguing that her claim is only for money paid in the three years prior to February 1998. She maintains that the money paid in 1993 should have carried over to those years and reduced her tax liability for 1995-1998. Shearin's argument is evidently that a taxpayer who has paid taxes in the previous three years can avoid § 6511(b)(2)(A) to the extent of those taxes simply by filing a late return for the year for which she seeks a refund. This reasoning eviscerates the "unusually emphatic" time limitations of § 6511, Brockcamp, 519 U.S. at 351, and we reject it in light of the chief objective of Congress in enacting § 6511: "providing the Government with strong statutory 'protection against stale demands.'" Id. at 353 (quoting United States v. Garbutt Oil Co., 302 U.S. 528, 533 (1938)); see also Carroll v. United States, 339 F.3d 61, 76 (2nd Cir. 2003) ("The 'tax paid' therefore refers to the sum of taxes, penalties, and interest paid for the tax year in question.").

Shearin also claims that the IRS is liable under §§ 7432 & 7433 for violating the Bankruptcy Court's discharge under 11 U.S.C. § 524(a) and for violating the automatic stay under 11 U.S.C. § 362(a). According to Shearin, the levy on her employer in

September 2004, and various tax notices she has received, violated the 2002 bankruptcy discharge. However, she has not exhausted her administrative remedies for these claims as required under both § 7432(d)(1) and § 7433(d)(1). The District Court, therefore, did not have jurisdiction over these claims. Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994).[2]

Shearin also asserts that the IRS violated 11 U.S.C. § 362(a) by disregarding the automatic stay. She claims that the violations constitute "unauthorized collection actions" under 26 U.S.C. §§ 7432 & 7433. Both parties agree that the IRS filed a lien on her home in 2000 and imposed levies on her bank account in April and August of 2001. These actions could not have violated the automatic stay because they occurred before it began on December 3, 2001.[3]

Shearin's other arguments on appeal were either not presented to the District Court or are without merit. We will, therefore, affirm the judgment of the District Court.

---

[2] Shearin notes that the IRS did not raise the issue of exhaustion before the District Court. However, because this is a jurisdictional question (see Venen, supra) it cannot be waived. See In re Morrissey, 717 F.2d 100, 102 (3d Cir. 1983).

[3] Although Shearin also points to a lien filed in February 2002, she did not refer to it in the District Court, so we will not consider it here. Morris v. Hoffa, 361 F.3d 177, 191 (3d Cir. 2004). The only action Shearin alleged before the District Court that occurred during the automatic stay was the sending of a "Reminder Notice." However, a bankruptcy court had already found that the IRS did not violate the automatic stay by sending the notice. See Doc. 53, Ex. C.