# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2011

No. 11-40273

Lyle W. Cayce
Clerk

DON JOHNSON MOTORS, INCORPORATED,

Plaintiff – Appellant

v.

UNITED STATES OF AMERICA,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CV-47

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Don Johnson Motors, Inc. ("Taxpayer") brought suit against the government, challenging several actions undertaken by the Internal Revenue Service to collect on Taxpayer's liabilities. After partial summary judgment and a bench trial on the remaining claims, the district court largely denied relief. We affirm the district court's judgment for essentially the same reasons stated in its careful and well-reasoned Memorandum Opinion and Order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40273

dated December 21, 2007, and its Order on attorney's fees dated March 14, 2008. We conclude as follows:

1. The district court correctly determined that Taxpayer is not entitled to damages under 26 U.S.C. § 7432(b), as Taxpayer did not demonstrate that the Internal Revenue Service's failure to release the lien on its 2003-2004 tax liabilities was the "but for" cause of its damages. The district court properly reasoned that the lien on Taxpayer's 1999-2002 liabilities remained in existence even after the 2003-2004 lien should have been released, and there was no evidence that any damages Taxpayer incurred could be attributed specifically to the 2003-2004 lien, as opposed to the 1999-2002 lien. *See, e.g.*, *Info. Res., Inc. v. United States*, 996 F.2d 780 (5th Cir. 1993); *Kachougian v. United States*, No. CIV A 96-508T, 1998 WL 718247 (D.R.I. Sept. 1, 1998).

2. The district court correctly determined that Taxpayer is not entitled to attorney's fees, as it did not prevail with respect to the "most significant issue or set of issues presented." 26 U.S.C. § 7430(c)(4)(A)(i)(II); 26 C.F.R. § 301.7430-5(e). We agree with the district court that the most significant issues in this action were whether liens were improperly filed and whether Taxpayer could receive damages for any such improperly filed liens. Taxpayer prevailed on neither issue, and therefore is not entitled to attorney's fees.

3. The district court correctly determined that the IRS properly issued the notice of intent to levy and the notice of tax lien with respect to Taxpayer's 1999-2002 tax liabilities under 26 U.S.C. §§ 6321 and 6331, as clear evidence demonstrates that Taxpayer received the required notice and demand well in advance of the filing of the levy notice and lien at issue.[1] Further, no authority

---

[1] Even if, as Taxpayer argues, the district court erred in stating that the IRS was not required to send a demand before filing a lien, the district court properly concluded that all statutory notices under Section 6321 were sent and received by Taxpayer.

No. 11-40273

requires the IRS to postpone filing liens while an appeal is pending, or to reissue demands for payment after exhaustion of Collection Due Process appeals.

4. The district court properly dismissed Taxpayer's unauthorized collection action claim under 26 U.S.C. § 7433 because Taxpayer did not exhaust administrative remedies prior to filing suit, as required by Section 7433(d)(1) of the Internal Revenue Code. *See* 26 C.F.R. § 301.7433-1(e); *Venen v. United States*, 38 F.3d 100 (3d Cir. 1994).

AFFIRMED.