NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1642
_____

KENTH ROGERS,
Appellant

v.

DIRECTOR INTERNAL REVENUE BUREAU;
GOVERNMENT OF THE VIRGIN ISLANDS

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 1-14-cv-00008
District Judge:  The Honorable Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
December 9, 2021

Before: McKEE, RESTREPO, and SMITH *Circuit Judges*

(Filed:  December 21, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge.*

Kenth Rogers—a lawyer proceeding pro se—appeals the District Court's grant of summary judgment to the Director of the Virgin Islands Internal Revenue Bureau. Because Rogers presents no meritorious grounds for reversal, we will affirm.

Rogers failed to file his tax returns on time in 1994, 1995, 1999, 2003, and 2004. As a result, he owed taxes, and the Virgin Islands put a lien on his house and levied his bank account. Rogers sued the Government alleging that its actions violated 26 U.S.C. §§ 7432, 7433. The case originally proceeded before Magistrate Judge George Cannon and District Judge Wilma Lewis. Eventually, Magistrate Judge Cannon recused himself, and the case was transferred to District Judge Anne E. Thompson.

On appeal, Rogers argues that: (1) the Court erred in dismissing his claims for failure to exhaust; (2) the Court erred in crediting certain evidence that demonstrated his tax liability; (3) the Government perpetrated fraud on the Court; (4) Magistrate Judge Cannon's alleged bias violated Rogers's rights under the Due Process Clause; and (5) the Court erred when it dismissed older summary judgment motions as moot. We will take each argument in turn.[1]

---

[1] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612(a) and 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. For all issues, our standard of review is *de novo*. *In re Shenango Grp. Inc.*, 501 F.3d 338, 344–45 (3d Cir. 2007) (holding that plenary review applies to legal questions); *Herring v. United States*, 424 F.3d 384, 389–90 (3d Cir. 2005) (fraud); *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1297 (3d Cir. 1993) (summary judgment).

Rogers failed to exhaust his claim. Before suing under § 7432 and § 7433, the individual must direct an administrative claim to the relevant district director. 26 C.F.R. §§ 301.7432–1(f), 301.7433–1(e).[2] The claim must include certain information such as the grounds for the claim and the dollar amount requested. § 301.7432–1(f)(2). Rogers argues that he was not required to follow that procedure because it is not "on the books" or, in the alternative, he talked to a tax official about his claim. First, this requirement is "on the books," and Rogers fails to explain why these provisions would not apply in the Virgin Islands. Second, we have consistently construed the exhaustion requirement strictly. *See, e.g., Venen v. United States*, 38 F.3d 100, 103–04 (3d Cir. 1994), abrogated on other grounds by *Hassen v. Gov't of V.I.*, 861 F.3d 108 (3d Cir. 1997) (dismissing claim for failure to exhaust when individual sent letter to the wrong official). Providing actual notice to the relevant agency is not sufficient to prove exhaustion. *Id.* at 103. Because Rogers did not direct his claim with the relevant information to the correct official, the Court appropriately held that Rogers' claim should be dismissed for failure to exhaust.

Even if Rogers had exhausted his claim, the District Court went on to correctly determine that the undisputed evidence demonstrated that Rogers owed taxes. Rogers argued that the Court should have shifted the burden to prove his tax liability to the Government because he produced sufficient evidence demonstrating that he paid his taxes. Not so. In fact, the evidence presented by Rogers alone demonstrated that he paid less than

[2] The Virgin Islands tax code "mirrors" the United States tax code. 48 U.S.C. § 1397; *Chase Manhattan Bank, N.A. v. Gov't of V.I.,* 300 F.3d 320, 322 (3d Cir. 2002). The parties do not identify any material differences between the United States code and the Virgin Islands code.

what he owed. Rogers quibbles that the District Court cited an unsworn memorandum from a tax official to determine Rogers' liability, but that memorandum was just a summary of a sworn affidavit. As such, it was not improper for the District Court to consider the memorandum on summary judgment.

Furthermore, there is no evidence of fraud on the Court. Rogers claims that the memorandum referenced above is fraudulent, but he has presented no evidence that would meet the "demanding standard" required to prove fraud. *See Herring*, 424 F.3d at 390. He also claims that the Government fraudulently asserted that he had to exhaust remedies. But the Government's representation was accurate. He did have to exhaust his remedies before filing suit, and he failed to do so.

The last two issues fail because even if they are errors,[3] they are clearly harmless errors. We will not vacate a judgment for an error that does not affect an individual's substantial rights. *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 328–29 (3d Cir. 2001). Rogers states that Magistrate Judge Cannon was biased and denied him an opportunity for discovery that would have helped his case. But Magistrate Judge Cannon recused himself and Rogers had the opportunity to conduct discovery for a full year under the supervision of a new magistrate judge. Additionally, Judge Thompson may have denied older pending motions for summary judgment, but Rogers did not identify any

---

[3] We do not reach the question as to whether these rulings are erroneous.

argument that he could not have raised in the eventually ruled upon motion for summary judgment.[4]

Therefore, we will affirm the judgment of the District Court.

---

[4] Appellant's Motion to Include Administrative Material in the Joint Appendix will be denied. Federal Rules of Appellate Procedure 27 and 30 do not give us the power to compel any further discovery, and the requested documents are not relevant to the proper outcome of this case.