

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# Chocallo v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1322

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Chocallo v. IRS" (2005). *2005 Decisions.* Paper 661.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/661

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1322
_____

WANDA P. CHOCALLO, HON.,

Appellant

v.

INTERNAL REVENUE SERVICE
DEPARTMENT OF THE TREASURY
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-03737)
District Judge:  Honorable Mary A. McLaughlin

_____


Submitted Under Third Circuit LAR 34.1(a)
August 22, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges.

(Filed: August 23, 2005)
_____

OPINION
_____

PER CURIAM

Wanda Chocallo brought suit against the Internal Revenue Service, Department of the Treasury ("IRS")[1] over a tax dispute. Chocallo filed suit on August 6, 2004, and the summons and the complaint were served on an IRS representative that same day. The United States Attorney accepted service of the summons and the complaint on August 9, 2004. On October 8, 2004, the IRS moved for, and was granted, an extension of time to respond to the complaint. On November 8, 2004, the IRS moved to dismiss Chocallo's complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The IRS argued that the District Court did not have jurisdiction over Chocallo's complaint because she had not exhausted her administrative remedies or brought suit within the applicable limitations period. Without analyzing the arguments presented by the IRS or the underlying merits of the suit, the District Court entered an order on December 10, 2004, granting the motion to dismiss as uncontested pursuant to its Local Rule 7.1. One day before entry of this order, Chocallo filed a motion for default judgment, arguing that the IRS had not timely responded to the complaint. The District Court dismissed her motion as moot. Chocallo appeals from the order granting the

_____

[1]In the District Court, Defendant sought dismissal because the IRS is not a suable entity. *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952). However, liberally construing the *pro se* complaint, it appears that Chocallo intended to sue the United States of America. Also, Defendant concedes on appeal that Chocallo actually sued the United States. *See* Appellee's Brief at n.1. Therefore, we will not affirm the dismissal of Chocallo's complaint because she improperly named the IRS as defendant. For convenience, we will continue to refer to Defendant/Appellee as the IRS.

extension of time for the IRS to respond, the order granting the motion to dismiss for lack of jurisdiction, and the order denying her motion for default judgment.

The District Court did not err by adding one month to the time period within which the IRS could respond to Chocallo's complaint. A District Court has "ample power, in its discretion, to extend the time for serving a motion or answer." *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 872 (3d Cir. 1944).

The District Court also did not err in denying Chocallo's motion for default judgment. Default judgment was not appropriate because the IRS had filed a motion to dismiss the complaint within the time permitted by the District Court. *See* FED. R. CIV. P. 55 (2005).[2]

The District Court erred, however, by relying on a local rule to grant the motion to dismiss a *pro se* litigant's complaint as unopposed without undertaking a merits analysis.[3] *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Of course, we could

---

[2]One basis for Chocallo's objection to the order denying default judgment is her claim that the IRS had until October 5, 2004 to respond to her complaint because it was served on August 6, 2004. She contends that she was entitled to default judgment because the IRS did not request an extension of time until after the original deadline had passed. However, although the IRS received a copy of the summons and complaint on August 6, 2004, the United States Attorney did not accept service until August 9, 2004. Therefore, the IRS filed its motion for an enlargement of time within the 60 days allotted for response.

[3]The IRS notes that, in her complaint, Chocallo lists the accomplishments of a distinguished legal career. However, she has proceeded without counsel in this matter and has expressed confusion about the rules of practice and procedure in federal court. This is not a case in which the failure to oppose a motion indicates that the motion is unopposed. *See Stackhouse*, 951 F.2d at 30.

3

affirm if the District Court actually lacked jurisdiction over Chocallo's complaint. However, we conclude that, at this stage of the proceeding, it is not possible to say that the District Court lacked jurisdiction. Therefore, we will vacate and remand this matter to the District Court.

The following factual summary is taken from the allegations in Chocallo's complaint. When Chocallo filed her 1998 tax return in October 1999, she remitted a payment of $40,286.59 to the IRS to cover her estimated tax liability. Because her actual tax liability was $7450.00, she was entitled to a substantial refund. However, in 1999 and 2000, the IRS improperly applied some of her overpayment to erroneously assessed tax liabilities from 1994 and 1995 without notice to her, and kept her refund check for the difference of $24,370.42. In May 2000, the IRS wrongly made an additional tax assessment for the 1988 tax year against Chocallo, without providing her notice, for $33,724.00. In connection with the erroneous assessment, the IRS executed a levy on $21,411.27 in a certificate of deposit that Chocallo owned, but eventually had to repay the funds after Chocallo brought suit in Tax Court. Also, some IRS agents have insisted, as late as March 2004, that the original 1998 tax year refund check was reissued, with interest, over evidence that it has not been. Chocallo has yet to receive the refund she is due, which has been calculated by the IRS to be $42,088.83 plus interest.

The IRS argued that the District Court lacked jurisdiction because Chocallo filed suit after the applicable limitations period had expired and without exhausting her

4

administrative remedies.  When the government consents to be sued, but consents on the condition that the suit is to be brought within a specific statute of limitations or after the exhaustion of administrative remedies, the court's jurisdiction is limited by the terms of consent.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994).  The United States permits civil actions against itself for damages because of reckless, intentional, or negligent disregard of the provisions of the Internal Revenue Code or its regulations.  *See* 26 U.S.C. § 7433 (2005).  The United States similarly allows actions to be brought for a refund of taxes.  *See* 26 U.S.C. § 7422 (2005).  The former, but not the latter, action has a two-year statute of limitations, and both require the exhaustion of administrative remedies.

The IRS contended that, when Chocallo filed her lawsuit on August 6, 2004, the relevant limitations period had expired because the levy on Chocallo's bank account had been effected on July 8, 2002, and she had received notice of the levy no later than July 22, 2002.  However, in her complaint, Chocallo claimed that the IRS executed the levy on August 8, 2002.  In addition, she made claims of continuing violations of the Internal Revenue Code and regulations from 1999 through 2004 relating to the disposition of her 1998 tax refund.  It is not clear from the face of her complaint that she failed to file suit within the applicable two-year limitations period.

The IRS also argued that Chocallo did not exhaust her administrative remedies in compliance with the applicable regulations.  To proceed under § 7433, a litigant must first

file an administrative claim in writing that conforms to the requirements of 26 C.F.R. § 301.7433-1(e). To bring an action pursuant to § 7422 a claim for refund must first be brought against the Commissioner of the IRS, although the claim may be informal. *See Tucker v. Alexander*, 275 U.S. 228, 231 (1927); *D'Amelio v. United States*, 679 F.2d 313, 315 (3d Cir. 1982). Also, a claim for a refund must be made within a specified time period. *See* 26 U.S.C. § 6511 (2005). In her complaint, Chocallo describes correspondence between her and the IRS. If her allegations are construed broadly, it is possible that she filed the necessary administrative claim to proceed under § 7433. Similarly, it appears from the allegations in the complaint that she put her claim for a refund before the Commissioner of the IRS. In addition, on appeal, Chocallo argues that the issue whether she exhausted her administrative remedies was resolved in her favor by the U.S. Tax Court in an October 2003 opinion in her case against the Commissioner.[4]

Because it is not clear, at this stage, that the District Court lacked jurisdiction, the District Court's order dismissing Chocallo's complaint will be vacated and this matter remanded to the District Court for further proceedings consistent with this opinion.

---

[4]The U.S. Tax Court docket for Chocallo's case is not electronically accessible, and the only relevant published decision, in which her Tax Court case was dismissed as moot because the IRS conceded that it had improperly levied on her bank account and stated that it would not pursue any levy action, does not include a discussion of exhaustion of administrative remedies. *See Chocallo v. Comm'r of Internal Revenue*, No. 12695-02L, T.C. Memo 2004-152 (U.S. Tax Court Memos June 28, 2004).