

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2008

# USA v. Wanda Chocallo

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1661

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wanda Chocallo" (2008). *2008 Decisions.* Paper 250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-1660 and 08-1661
_____

WANDA P. CHOCALLO,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. Nos. 04-cv-03737 and 06-cv-00539)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2008

Before:  FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges

(Filed: November 6, 2008 )
_____

OPINION
_____

PER CURIAM

Wanda P. Chocallo appeals pro se from the District Court's final judgments in

these consolidated actions.  For the following reasons, we will affirm in part, vacate in

part and remand for further proceedings.

The parties' disputes arise from Chocallo's federal income tax liability for the 1998 calendar year. In 2004, Chocallo filed suit against the Internal Revenue Service seeking (1) an award of damages under 26 U.S.C. § 7433 for allegedly unauthorized collection practices and (2) a refund under 26 U.S.C. § 7422 for her alleged overpayment of tax liability. The IRS moved to dismiss her complaint for lack of jurisdiction, arguing, inter alia, that she had failed to administratively exhaust her claims. The District Court granted the motion as unopposed pursuant to E.D. Pa. Local R. 7.1 and Chocallo appealed. We vacated and remanded because the District Court had not considered the merits of Chocallo's claims and the issue of jurisdiction could not yet be resolved. See Chocallo v. IRS, 145 Fed. Appx. 746 (3d Cir. 2005). We noted that Chocallo alleged that she was due a $42,088.83 refund and that, although the IRS itself is not subject to suit, the complaint should be construed to assert claims against the United States. See id. at 747 n.1 & 748.

After we remanded, the IRS answered Chocallo's complaint. The answer included as a defense the request that the court substitute the United States as a defendant and also demanded a monetary judgment in favor of the United States. Two days later, the United States instituted a separate action (E.D. Pa. Civ. No. 06-cv-00539) seeking the return of a refund that it erroneously had issued to Chocallo twice. Chocallo then filed a motion in her suit to strike the IRS's answer and for summary judgment. Chocallo argued, as she

would throughout these proceedings, that we had affirmatively ruled that she was entitled to a refund and that the IRS's answer was not a proper responsive pleading because we ruled that her complaint should be construed to assert claims against the United States. In response, the IRS argued, inter alia, that the District Court should substitute the United States as a defendant and consolidate the two actions. The District Court denied Chocallo's motion. Chocallo moved to vacate its order, arguing that United States' complaint was fraudulent and that she was "forbidden by law from participating" in any proceeding involving the United States' claim because "[s]he would be committing a crime by aiding and abetting" the United States.[1] The District Court denied her motion in relevant part and thereafter directed Chocallo to inform it whether she objected to consolidation. Chocallo did object, and argued that our previous ruling precluded this procedure and entitled her to judgment as a matter of law. The District Court rejected that argument and, by order entered September 6, 2006, consolidated the two actions and substituted the United States as a defendant in Chocallo's suit.

On March 9, 2007, the United States filed a motion to dismiss Chocallo's two claims for lack of jurisdiction and a motion for summary judgment on its claim against Chocallo, who in turn moved to dismiss the United States' complaint on the grounds

---

[1]Chocallo filed motions to vacate virtually every order decided against her during these proceedings, including orders denying motions to vacate previous orders. Because all of these motions were based on the legal arguments addressed herein, we need not specifically discuss each motion.

discussed above.  By order dated July 16, 2007, the District Court dismissed Chocallo's

collection claim but denied the parties' motions in all other respects, thus allowing

Chocallo's refund claim and the United States' claim to proceed.[2]

The District Court thereafter entered an order scheduling trial and requiring the

parties, inter alia, to appear for a pre-trial conference on November 6, 2007.  The United

States appeared for the conference but Chocallo, without explanation, did not.  By order

dated November 7, 2007, the District Court cancelled the trial date and rescheduled the

pre-trial conference for November 29, 2007.  The court also warned Chocallo that, "[i]f

she does not appear, the Court will consider imposing sanctions against her, including

dismissal of her suit against the United States[.]"

Chocallo once again failed to appear on November 29.  Instead, on that same day,

she filed a motion to vacate the District Court's November 7 order.  Chocallo claimed that

she had "just learned" of the order and asserted that she is elderly and does not drive

(although she did not assert that those circumstances had prevented her from attending the

conference).  She also continued to insist that she was entitled to judgment on the basis of

our previous opinion and to characterize the proceedings as a crime in which she refused

---

[2]The order was entered on July 17 in E.D. Pa. Civ. No. 04-cv-03737 and on July 18
in E.D. Pa. Civ. No. 06-cv-00539, and other orders discussed herein were entered on
different dates in the two actions.  Because no ambiguity results, we will refer to all
orders by the date on which the District Court issued them.  Chocallo appealed from the
July 16 order, and we ultimately dismissed that appeal for lack of jurisdiction.  Chocallo
v. United States, C.A. No. 07-3710 (Jan. 11, 2008).

4

to participate. By order entered December 4, 2007, the District Court, giving Chocallo "every benefit of the doubt," rescheduled the pre-trial conference one more time for January 2, 2008. The order also provides that, if Chocallo failed to appear at that conference "without some good cause, the Court will dismiss her claim[.]"

Chocallo failed to appear for the January 2 conference as well, and the District Court issued an order the next day dismissing her refund claim as a sanction.[3] Although the District Court wrote that entry of default against her on the United States' claim would be an appropriate sanction as well, it did not take that action. Instead, it sua sponte entered judgment in favor of the United States on the merits, and later amended the judgment to include an award of pre-judgment interest. Chocallo filed a motion to vacate the judgments, which the District Court denied, then filed the instant appeals.[4]

---

[3]Chocallo had sent the District Court letters dated December 22 and 24, 2007, once again stating that she refused to attend the conference because further proceedings were "illegal." The District Court appears not to have received these letters before issuing its January 3 order, so we do not consider them in evaluating that order.

[4]We have jurisdiction pursuant to 28 U.S.C. § 1291. Chocallo challenges the District Court's order entering judgment against her, as well as its orders denying reconsideration and amending the judgement in favor of the United States. She also challenges "all" orders entered after January 19, 2006, in her suit. Those orders include the order denying her motion to strike the IRS's answer, the order consolidating these actions, the order dismissing her collection claim, and the orders disposing of her motions to vacate other orders. We exercise plenary review over the District Court's legal conclusions and entry of summary judgment. See Wisniewski v. Rodale, Inc., 510 F.3d 294, 296 (3d Cir. 2007). We review for abuse of discretion its imposition of sanctions, see Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003), its consolidation of actions, see Young v. City of Augusta, Ga., 59 F.3d 1160, 1168 (11th Cir. 1995), and its rulings on motions for reconsideration, see Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005).

II.

Chocallo does not challenge the specific grounds on which the District Court disposed of the parties' claims but instead raises challenges to proceedings in the District Court in general. Thus, we might ordinarily deem any challenges to the District Court's disposition of those claims waived. The United States, however, does not argue that Chocallo has waived any challenge and has defended the District Court's rulings on their merits. Accordingly, we will first address Chocallo's general arguments and then turn to the manner in which the District Court disposed of the parties' claims.

A. Chocallo's Arguments

Chocallo raises what we construe as three challenges to proceedings in the District Court. First, Chocallo argues that the District Court was obligated to enter judgment in her favor immediately upon remand because we decided that she was in fact entitled to the refund she claims. We, of course, decided no such thing, and made the statement on which she relies merely by way of setting forth her allegations. See Chocallo, 145 Fed. Appx. at 748.

Second, Chocallo argues that she was entitled to judgment on all claims because the United States never filed a responsive pleading in her suit and improperly asserted its claim by separate suit instead of counterclaim. By order entered September 6, 2006, however, the District Court substituted the United States as a defendant in Chocallo's suit (which was proper under Fed. R. Civ. P. 15(c)(1)(C)) and consolidated the two actions for

6

all purposes (which was proper under Fed. R. Civ. P. 42(a)). Chocallo raised no legitimate objection to this procedure and has suffered no conceivable prejudice. See Wells v. Rockefeller, 728 F.2d 209, 214 (3d Cir. 1984) ("when action assertable as [compulsory] counterclaim is brought in same court as other claim, both actions can be consolidated") (citation omitted).[5]

Finally, Chocallo argues that the District Judge displayed bias by "routinely" granting "every" motion by the United States while "automatically" denying "every" one of hers. The record does not support that assertion and otherwise reveals no potential bias or partiality.

### B. The District Court's Disposition of the Parties' Claims

We agree that the District Court properly dismissed Chocallo's claims, but conclude that it erred in entering judgment on the United States' claim against her.

First, the District Court dismissed Chocallo's wrongful collection claim by order issued July 16, 2007, for failure to exhaust administrative remedies. Claims under § 7433 carry a mandatory exhaustion requirement, see 26 U.S.C. § 7433(d)(1); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994), and the procedures for exhausting such claims are set forth in 26 C.F.R. § 301.7433-1(e). Among other things, a claimant must set forth the

---

[5]The United States argues that collection actions against taxpayers need not be brought as compulsory counterclaims under Fed. R. Civ. P. 13(a). Compare Caleshu v. United States, 570 F.2d 711, 714 (8th Cir. 1978) (so holding), with United States v. Aronson, 617 F.2d 119, 122 (5th Cir. 1980) (noting authority to the contrary). We need not reach that argument given our disposition of this issue.

grounds of the claim, a description of her injuries, and the dollar amount of the claim. See id. § 301.7433-1(e)(2)(i)-(iii); Venen, 38 F.3d at 1003. We agree that Chocallo failed to exhaust this claim. The only efforts potentially qualifying are two letters that she sent to an IRS revenue officer. Those letter, in addition to failing to comply with the regulations in other respects, sought merely the payment of a tax refund and the cancellation of tax levies and did not demand the payment of damages or otherwise set forth a § 7433 claim. Accordingly, the District Court properly dismissed this claim.[6]

Second, the District Court dismissed Chocallo's refund claim as a sanction for her repeated refusal to attend the pre-trial conference. Although that sanction was harsh, the District Court acted well within its discretion in imposing it under the circumstances presented here. District courts generally must expressly balance the six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), before sua sponte dismissing a claim as a sanction. We have not required such balancing, however, where a litigant has been expressly warned of dismissal and nevertheless

---

[6]We have characterized the § 7433 exhaustion requirement as "jurisdictional." Venen, 38 F.3d at 103. The District Court, without mentioning Venen, concluded that the exhaustion requirement is not jurisdictional but must instead be treated as a substantive element of the cause of action under Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Accordingly, the court treated the United States' motion as one for summary judgment (on which the court may not resolve genuine issues of material fact) rather than one to dismiss for lack of subject-matter jurisdiction (on which the court may resolve factual disputes). See Arbaugh, 546 U.S. at 514. We need not revisit the issue of whether the exhaustion requirement is jurisdictional in this case because the District Court's ruling was clearly correct under either approach.

8

willfully refuses to prosecute or otherwise makes further proceedings impossible. See

Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994); Guyer v. Beard, 907 F.2d 1424,

1429-30 (3d Cir. 1990).[7]

Both circumstances are present here. After Chocallo already had failed to appear

for the first pre-trial conference, the District Court warned her that it would consider

dismissal if she failed to appear again and then, after she did, expressly stated that it

"would" dismiss if she failed to appear for a third time. Chocallo's failure to appear that

third time was clearly due to a willful refusal on her part. Throughout this litigation,

Chocallo took the position that further proceedings were illegal in light of our prior ruling

and asserted that she refused to "aid and abet" a crime. After the District Court ordered

her for a second time to attend the pre-trial conference, she continued to press this

assertion. Thus, Chocallo made it abundantly clear that she had no intention of

participating in future proceedings, and the District Court was well within its discretion in

dismissing her claim as a sanction. See Spain, 26 F.3d at 454 ("A party disappointed with

a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from

an order of dismissal or default."). Cf. Briscoe v. Klaus, – F.3d –, No. 04-4162, 2008 WL

3008444, at *9-10 (3d Cir. Aug. 6, 2008) (vacating dismissal of prisoner's claims as a

---

[7]We note that, although the District Court did not cite Poulis or set forth the generally-required factors as such, its orders collectively can be read to touch on them.

9

sanction under <u>Poulis</u> for failure to attend pre-trial conference before appellant had an opportunity to explain his failure to appear).[8]

Finally, the United States sought return of a refund that it claims it erroneously issued twice. The District Court initially denied the United States' motion for summary judgment on this claim after concluding, correctly, that the United States had presented no evidence that Chocallo actually received and negotiated both checks. In its order of January 3, however, the District Court concluded that the United States was entitled to judgment as a matter of law because it listed as exhibits in its pre-trial memoranda "[t]wo checks in the amounts of $22,935 endorsed by" Chocallo. (Pretrial Mem. filed at Docket No. 24 in E.D. Pa. Civ. No. 06-cv-00539, and Docket No. 49 in E.D. Pa. Civ. No. 04-cv-03737, at 3.) The District Court stated that it would have entered summary judgment for the United States if it had presented those checks at the summary judgment stage. "For that reason," the court concluded, "the Court will enter judgment for the United States" on its claim.

The District Court did not specify the procedural basis for this entry of judgment, but it is best understood as a <u>sua</u> <u>sponte</u> grant of summary judgment. Leaving aside the

_____

[8]If anything, the District Court understated the extent of Chocallo's willfulness. The court wrote that Chocallo had refused to attend because her appeal from its July 16, 2007 order remained pending. Although Chocallo "noted" the pendency of that appeal in her November 29, 2007 motion to vacate, she made clear that her refusal to attend was based on her refusal to participate in what she erroneously viewed as an illegal proceeding. She continues to press that assertion on appeal and does not argue that her non-appearance at any of the three conferences should be excused for any other reason.

10

question of whether the District Court properly acted <u>sua sponte</u> in entering judgment, <u>see</u>, <u>e.g.</u>, <u>DL Resources, Inc. v. FirstEnergy Solutions Corp.</u>, 506 F.3d 209, 223 (3d Cir. 2007) (discussing entry of summary judgment <u>sua sponte</u>), the judgment itself cannot stand. The checks on which the District Court based this judgment are not themselves in the record, and nothing in the record suggests that they were ever submitted to the District Court. Instead, the District Court appears to have entered judgment on the basis of a representation by counsel in an unverified pre-trial memorandum regarding the exhibits they intended to offer at trial. Such representations are not a proper basis for summary judgment. <u>See</u> Fed. R. Civ. P. 56(c) (summary judgment may be entered on basis of materials "on file"); <u>Wishkin v. Potter</u>, 476 F.3d 180, 184 (3d Cir. 2007) (district courts must "examine the evidence of record" in applying summary judgment standard). Accordingly, we will vacate the District Court's entry of judgment on this claim and remand for further proceedings.[9] In all other respects, the judgments of the District Court will be affirmed. Chocallo's motion to strike the United States' brief is denied.

---

[9]Because the District Court did not enter judgment against Chocallo on this claim as a sanction, we express no opinion on whether, on remand, the District Court would be within its wide discretion in doing so after expressly considering the <u>Poulis</u> factors. If the District Court reaches the merits of the United States' claim before trial, it should give Chocallo notice and an opportunity to address whatever additional materials the United States may present before entering judgment as a matter of law. <u>See</u> <u>DL Resources, Inc.</u>, 506 F.3d at 223.

11